[2] As to the second ground stated in the warrant, that the defendant is concealing himself for the purpose of avoiding service of a summons with intent to defraud his creditors, the affidavits are manifestly insufficient. There is nothing from which it can even be inferred that the defendant knew that any effort had been made, or was being made, to serve him with a· summons, nor does it appear that any summons was issued until after the visits to defendant's store and apartment on the afternoon and evening of January 3d. Absence from home at 9 o'clock in the evening is no evidence of concealment. Nor is the fact that a grocery store was closed at that hour any proof of an intent to defraud creditors. As stated in Head v. Wollner, 53 Hun, 615, 6 N. Y. Supp. 916:

"Ambiguous declarations or acts which are susceptible of an honest purpose, as well as of an intent to avoid service, do not authorize an attachment. The purpose to accomplish a concealment with intent to avoid service of a summons is the ground mentioned in the statute, and it must be made clearly and positively to appear by the facts. They must be clearly and positively shown. * * * If the defendant was out of his store collecting, or had gone down town on business, as was stated to the plaintiffs' agent, then he was engaged legitimately, and such engagement did not indicate an intent to avoid service of summons. Sickles v. Sullivan, 5 Hun, 569. * * * Where the statements, as in this case, are intrinsically innocent, they do not establish the intent required by the statute. Evans v. Warner, 21 Hun, 574. * * * Facts tending to prove it were not sufficiently stated, so that it might be judicially determined that such was the intent of the defendant. Stevens v. Middleton, 26 Hun, 471. Conjectures, surmises, and suspicions are not sufficient."

The statement made by the men in the store that defendant had made an assignment for the benefit of creditors, even though no such assignment had been filed, furnishes no proof of an intent to defraud, and the affidavit fails to give the names of the persons making the statement, or the source of their information, or why their affidavits were not produced. It does not appear that defendant had any creditors other than plaintiff, nor does it appear that the auction sale was not to be fairly and honestly conducted. The fact that it was publicly advertised indicates neither concealment nor fraud. All the facts stated are as consistent with an honest intent as they are with a fraudulent one, and fraud, therefore, may not be inferred from them. First National Bank v. Wallace, 4 App. Div. 382, 38 N. Y. Supp. 851.

The order appealed from should therefore be reversed, with $10 costs, and the motion to vacate the attachment granted. All concur.

---

### KIERNAN v. PRIESTEDT UNDERPINNING CO. et al.

(Supreme Court, Appellate Division, Third Department. March 8, 1916.)

MASTER AND SERVANT ⊙⟶375(2)—WORKMEN'S COMPENSATION ACT—RIGHT TO COMPENSATION—"EMPLOYÉ."

An employé of a contractor, who had been in his employ for about eight months at a daily wage payable weekly, and who on appearing for work one morning a little late was told by the superintendent that he need not work, because he thought that he had been drinking and

was not in a fit condition to go to work, and who while leaving the subway tripped and fell and was injured, was a regular "employé" there in the performance of his duties as such, and entitled to the benefits of the Workmen's Compensation Act (Consol. Laws, c. 67).

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ☜375(2).

For other definitions, see Words and Phrases, First and Second Series, Employé.]

Appeal from Workmen's Compensation Commission.

Proceeding under the Workmen's Compensation Act on a claim arising out of the death of James Kiernan, deceased, to obtain compensation therefor, opposed by the Priestedt Underpinning Company, employer, and the Casualty Company of America, insurer. Compensation was awarded by the State Industrial Commission, and the employer and the insurer appeal. Award affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Lyman A. Spalding, of New York City, for appellants.

Egburt E. Woodbury, Atty. Gen., and E. C. Aiken, Deputy Atty. Gen., for respondent.

JOHN M. KELLOGG, P. J. The claimant had been in the employ of the employer appellant for about eight months, receiving $3.68 per day, payable weekly. On Monday, April 27th, he worked as usual. Upon appearing for work in the subway Tuesday morning, dressed in his overalls, he was a little late, and the superintendent told him he need not work. He excused him from work, not because he was late, but because he felt that he had been drinking some and was not in a fit condition to engage in the dangerous kind of work which he had been doing. He started to leave the subway and tripped and fell, receiving the injury complained of.

The appeal proceeds upon the theory that he was not a regular employé, but was there asking for work, which was refused, and that he was not, therefore, injured within the course of his employment. This contention overlooks the fact that he had been employed almost continuously for eight months, and that there was not a separate employment from day to day. The only thing tending to show a daily employment is that he was paid by the day, but his wages were payable weekly. Concededly, he was expected to report for work that morning, and did report, and was told he was not wanted. He was, therefore, a regular employé, and was there in the performance of his duty as such, and is entitled to the benefit of the act.

The award should be affirmed. All concur.