Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ELIZABETH POPE, Respondent, for Compensation to Herself and to Her Grandson, WILLIAM CHAMBERS, under the Workmen's Compensation Law for the Death of JOHN POPE, *v.* MERRITT & CHAPMAN DERRICK AND WRECKING COMPANY, Employer, and NEW AMSTERDAM CASUALTY COMPANY, Insurance Carrier, Appellants.

Third Department, March 7, 1917.

Workmen's Compensation Law — death of employee while too intoxicated to perform duties — death of employee when not acting in line of duty — right of employee leaving work to reach public highway.

Where a person who was employed on a floating derrick to assist divers who were carrying on an excavation under water, and who was required to be on duty from four o'clock in the afternoon until midnight, reported for work in such a state of intoxication that the diver whom he attended refused to permit him to do so, and being still incapacitated for his duties went ashore in a rowboat furnished by his employer for the use of workmen a half hour before his hours of labor had terminated, and being landed on a scaffold, fell therefrom and was drowned, his dependents are not entitled to an award under the Workmen's Compensation Law. This, because, irrespective of the decedent's intoxication, he was not at the time of his death engaged in the performance of any duty which he owed to his employer.

*It seems,* however, that as a general principle an employee on quitting work for the day is entitled to a reasonable opportunity to leave his employer's plant and place himself upon a public highway, and that if injured before reaching such highway he is covered by the Workmen's Compensation Law, provided he uses reasonable speed in leaving the place of his employment.

APPEAL by the defendants, Merritt & Chapman Derrick and Wrecking Company and another, from an award of the State Industrial Commission, made on the 15th day of September, 1916.

*Rosendale, Hessberg, Dugan & Haines* [*P. C. Dugan* of counsel], for the appellants.

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondent State Industrial Commission.

COCHRANE, J.:

John Pope, the husband of the claimant, was working for his employer in laying water pipes under the Narrows in New York harbor between Brooklyn and Staten Island. A trestle had been built from the Staten Island shore about one hundred feet into the water under which the employer was excavating at a depth of about fifty feet a trench in which the pipes were to be laid. About seventy-five feet from the end of the trestle a floating derrick was stationed. From this derrick divers went down into the water to perform the necessary work. It was Pope's duty to attend one of the divers on this derrick; to dress him properly in his diving equipment; assist him in entering the water; respond to his signals while in the water; assist him out of the water and relieve him of his equipment when he emerged. His hours of duty were from four o'clock in the afternoon until midnight. A small boat belonging to the derrick was used in going to and from the derrick and the employees frequently in going ashore rowed from the derrick in this small boat to the trestle and then proceeded along the trestle to the shore. On February 19, 1916, at about eight o'clock in the evening, Pope went ashore for supper and returned to the derrick in an intoxicated condition. His diver refused to allow him to assist in the work and the captain of the derrick locked Pope up in the forecastle of the derrick and took his place in the preparation of the diver for entering the water and in attending him while in the water. Shortly after eleven o'clock in the evening Pope came out of the forecastle and insisted on attending the diver who had come up out of the water, but was not allowed to do so by the diver and the captain. At about eleven-thirty, one of the other employees went ashore in the customary boat for some purpose in connection with the work and Pope got into the boat with the other employee who conveyed him to the trestle and placed him thereon. He was not seen there-

after until the following morning when his dead body was found in the trench under the trestle, he evidently having fallen therefrom and met his death by drowning. All of the fore-going facts appear from the findings of the Commission.

On June 21, 1916, the Commission having taken evidence, disallowed this claim on the ground that the accident to Pope did not arise out of and in the course of his employment. On September 15, 1916, the Commission, without further evidence, reconsidered and changed its former decision and made the award now under review.

The Commission should have adhered to its first decision which was the correct one. The accident to Pope has been found not to have been occasioned solely by his intoxication. But that is not the only difficulty. The accident did not arise out of and in the course of his employment. In its opinion allowing the award the Commission says " that an employee on quitting work for the day is entitled to a reasonable oppor-tunity to leave the employer's plant and place himself upon a public highway, and that if injured before reaching the public highway, provided he uses reasonable speed in leaving the plant, he is covered by the Compensation Law." With this statement of a general principle we are in full accord. But it has no application to the present case. Pope had quit work for several hours before the accident because of his intoxicated con-dition. He did not and could not use "reasonable speed in leaving the plant." Neither was he leaving the plant as a natural and ordinary incident of the conclusion of his hours of labor, because that would not occur until midnight. He had been locked up in the forecastle of the derrick and the Commis-sion has specifically and very properly made the following find-ing: " Which precaution was made necessary by Pope's condi-tion of intoxication, it being the fear of the captain that on account of the amount of ice on the deck Pope might fall into the water." So that very clearly there was an interval of sev-eral hours immediately preceding his accident when he was not in the service of his employer because of the fact that he had voluntarily and intentionally by the use of intoxicants dis-qualified himself for such service. His duty to his employer required him to remain on the derrick until midnight and he

went ashore before that time, not in the performance of any duty he owed to the employer or incidental thereto, such as leaving the work in the orderly and ordinary manner when the time for his departure properly and naturally arose, but he left the derrick before the proper time to do so arrived because he had incapacitated himself for service and was not in the performance of any duty which he owed his employer. In the performance of such duty he would have been on the derrick attending the diver and would not have been on the trestle. He was there when he met his accident for the fulfillment of his own purposes because of his intoxicated condition. If he had been entirely sober and had gone ashore under the same circumstances the claimant would not have been entitled to an award, because going ashore under such circumstances would not have been in the line of his duty or incidental thereto, but for the accomplishment of some personal purpose. While under the presumption of the statute and the finding of the Commission his intoxication may place the claim in no more unfavorable position than if he had been sober, it does not make the case more favorable. The only point of the intoxication in this case is to explain why he was going ashore and to make it clear that in doing so he was not in the performance of any duty to his employer. In no just or reasonable sense can it be said that this accident arose out of and in the course of the employment, and while we have frequently announced our approval of a liberal interpretation of the statute, we think such liberality would be stretched to the breaking point were it to include this claim within the provisions of the statute.

Nothing decided in *Matter of Kiernan* v. *Friestedt Underpinning Company* (171 App. Div. 539) is at variance with the views here expressed. The question litigated on that appeal and the only question considered and determined was whether or not the claimant was an employee. It was contended that he was at the place of the accident merely seeking employment. The point here discussed was not raised or considered in that case.

The award should be reversed and the claim dismissed.

All concurred.

Award reversed and claim dismissed.