180 So. 499

**ROGERS v. MENGEL CO. et al.**
No. 34675.

April 4, 1938.

Adam H. Harper, of New Orleans, for relator.

Breazeale & Sachse, of Baton Rouge, for respondent.

LAND, Justice.

This is a suit for compensation under Act No. 20 of 1914, and amendments thereto, for certain personal injuries alleged by plaintiff to have been received by him as an employee of defendants.

Exceptions of no right or cause of action to the petition were filed by defendants in the lower court on the ground that petitioner's injuries were not received during the course of his employment and did not arise out of the employment, in view of the fact that the men, after being summoned to the scene of the accident by the employers, had been told that the weather conditions were unfavorable for working, and, therefore, the responsibility of the employers was ended.

These exceptions were maintained in the district court for the parish of St. Tammany, and plaintiff's suit was dismissed. The judgment of the Court of Appeal, First circuit, affirming this judgment, is now before us for review, under a writ of certiorari herein granted.

The material allegations upon which plaintiff claims compensation are as follows:

"2. That defendant, The Mengel Company, by a contract the nature and type of which petitioner does not know, subcontracted to defendant, Stafford, the cutting and hauling of certain timber in the Parish of St. Tammany, in Bogue Chitto swamp, and said Stafford, in turn, employed petitioner and other loggers to do the work of felling and hauling said timber, which employment began approximately six to seven weeks prior to December 30th, 1935, during which period petitioner's average wage was Two and 50/100 ($2.50) Dollars per day, working six (6) days per week, that is a total of Fifteen ($15.00) Dollars per week, sixty-five (65%) per cent. thereof is said sum of Nine and 75/100 ($9.75) Dollars.

"3. That, following a layoff of several days duration due to inclement weather conditions, petitioner and said other loggers were summoned by said Stafford to the woods to engage in their work and early on the morning of December 30th, 1935, reported to said Stafford on the tract where the cutting was being done, being at a point about two (2) miles west of Sun, Parish of St. Tammany, State of Louisiana, or approximately three (3) miles from petitioner's home.

"4. That said Stafford advised petitioner and said loggers that conditions were not favorable for cutting and hauling timber on that day whereupon petitioner and said loggers removed to a point about one hundred (100) yards from said meeting place, and,

while still in St. Tammany Parish, and because of the extremely cold freezing weather, built a fire to warm themselves before beginning their homeward journey.

"5. That while standing near said fire, and within a few' minutes after said fire had been built, petitioner discovered that his left pant's leg and his left leg were afire and further discovered that a bottle of coal oil which he carried in his left pocket was uncorked allowing said coal oil to spill down his pants, resulting in petitioner's being severely burned as hereinafter set forth."

"10. That petitioner alleges that said employment was of a hazardous nature and that his injuries were received within the course and scope of his employment entitling him to compensation within the purview of the Employers' Liability Act, being Act No. 20 of 1914, as variously amended, in that petitioner reported for duty at the instance of said Stafford; in that he had with him the implements and equipment necessary to said employment, including said bottle of coal oil which was carried for the purpose of lubricating the saws and other equipment which said coal oil caused and/or contributed to the causation of his said injuries and to the severity thereof; in that said fire was necessitated by the freezing weather and general conditions existing in said woods; in that petitioner was called from his home, and the comforts and safety thereof, to this freezing, hazardous location where the fire was necessary to provide some semblance of bodily warmth and comfort; that said fire was made and petitioner injured on the

premises and/or tract of land on which the logging was being done, before he and his companions departed for their respective homes some miles distant."

It is elementary that the well-pleaded facts set out in a petition are taken as true, in disposing of an exception of no right or cause of action. The following facts alleged in plaintiff's petition must therefore be accepted as the facts upon which plaintiff bases his cause of action.

(a) That on December 30, 1935, the day on which the accidental burning of plaintiff's clothes took place, plaintiff was an employee of defendants as a logger, and had been so employed at wages at the rate of $15 per week, in cutting and hauling certain timber in Bogue Chitto swamp, parish of St. Tammany, for six to seven weeks prior to the accident.

(b) That on the morning of December 30, 1935, plaintiff and other loggers were summoned by Stafford, subcontractor, to the woods to engage in their work, and reported to Stafford on the tract where the cutting was being done, at a point approximately 3 miles from plaintiff's home.

(c) That plaintiff reported for duty, and had with him the implements and equipment necessary to his employment, including a bottle of coal oil, which he carried for the purpose of lubricating the saws and other equipment.

(d) That Stafford, subcontractor, advised plaintiff and the other loggers, on December 30, 1935, the day of the accident, that conditions were not favorable for cut-

ting and hauling timber on that day, because of extremely cold freezing weather thereupon plaintiff and the other loggers removed to a point about 100 yards from their meeting place, and built a fire to warm themselves before beginning their homeward journey.

(e) That while standing near the fire, and within a few minutes after it had been made, plaintiff discovered that his left pant's leg and his left leg were afire, and further discovered that the bottle of coal oil which he carried in his pocket was uncorked, allowing the coal oil to spill down his pants and resulting in plaintiff being severely burned.

(f) That the fire was made and petitioner was injured on the premises or tract of land on which the logging was being done, before he and his companions departed for their respective homes some miles distant.

The contention of defendants that their responsibility had ended as employers, in view of the fact that the men had been told that the weather conditions were unfavorable for working, is supported neither by the law nor by the facts of the case.

Plaintiff's employment did not end, because he was told that the weather conditions were unfavorable for working on December 30, 1935, the day of the accident. Plaintiff was not hired and paid by the day, but by the week, at a wage of $15. He had not been discharged by his employers prior to the accident. The accident occurred on the premises of the defendants. Plaintiff had not voluntarily appeared there, but was at the scene of the accident because he had been ordered by the defendants, his employers, to be there ready for work.

"Now an accident occurs in the course of an employment when it takes place during the time of such employment," as in the case at bar. Kern v. Southport Mill, 174 La. 432, 437, 141 So. 19, 21.

"And, when one finds himself at the scene of accident not because he voluntarily appeared there but because the necessities of his business called him there, the injuries he may suffer by reason of such accident 'arise out of' the necessity which brought him there, and hence 'arise out of' his employment, if it so be that he was employed and his employment required him to be at the place of the accident at the time when the accident occurred." Kern v. Southport Mill, 174 La. 432, 438, 141 So. 19, 21.

"The question whether or not the employee might have been injured in the same way, and even at the same place and time had he not been called there by the necessities of his employer's business, but had gone there only for his own pleasure or in pursuit of his own business, has nothing whatever to do with the case. It was his employer's business which called him to the place and time of the accident and not his own pleasure or business; and hence his injuries arose out of his pursuit of his employer's business and not out of his pursuit of his own business or pleasure." Kern v. Southport Mill, 174 La. 432, 438, 141 So. 19, 21.

It is also said in the Kern Case, 174 La. 432, at page 439, 141 So. 19, 21:

"It has even been held that an employee is engaged about his employer's business whilst going to and coming from his employer's place of business, provided he pursued the usual and least hazardous means of reaching and leaving his employer's premises."

The case of Kern v. Southport Mill, 174 La. 432, 141 So. 19, 21, is a leading case on the subject of accident occurring "in the course of an employment," within the compensation statute, and accident "arising out of" employment, and is supported by numerous decisions of this court, of the Courts of Appeal of this state, as well as by Cudahy Packing Co. v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, 30 A. L.R. 532.

For the reasons assigned, it is ordered that the judgment of the Court of Appeal, First circuit, and the judgment of the Twenty-Second judicial district court for St. Tammany parish, maintaining the exceptions of no right or cause of action and dismissing plaintiff's suit be, and they are hereby, annulled and reversed.

It is now ordered that this case be remanded to the Twenty-Second judicial district court for St. Tammany parish, and be reinstated on the docket of that court, and be proceeded with in due course and according to law.

It is further ordered that defendants, the Mengel Company and Willie A. Stafford, pay the costs of this proceeding.

O'NEILL, C. J., dissents.