## ROGERS v. MENGEL CO. et al.

### No. 1971.

Court of Appeal of Louisiana. First Circuit.

March 22, 1939.

Adam H. Harper, of New Orleans, for appellant.

Breazeale & Sachse, of Baton Rouge, for appellees.

DORE, Judge.

On May 19th, 1936, plaintiff filed this suit under the Workmen's Compensation Act, Act No. 20 of 1914, alleging that he was employed by defendant, Stafford, a sub-

contractor for The Mengel Company, in the work of felling and hauling timber in the Bogue Chitte River Swamp in St. Tammany Parish; that following a layoff of several days' duration, due to inclement weather conditions, he and other loggers were summoned by Stafford to report back to work on the morning of December 30, 1935, and that he accordingly "reported to said Stafford on the tract where the cutting was being done," and that Stafford advised him and the other loggers that conditions were not favorable for work, whereupon they "removed to a point about one hundred yards from said meeting place * * * and because of the extremely cold, freezing weather, built a fire to warm themselves before beginning their homeward journey;" that while standing near the fire his trouser leg, on which kerosene carried in a bottle and used in lubricating his saw had spilled, caught on fire and resulted in the severe burning of his leg; that as a result of such injury he was permanently and totally disabled and is entitled to the maximum compensation for four hundred weeks from December 30, 1935, and $250 to cover medical, surgical and hospital expenses.

An exception of no cause or right of action filed by the defendant was sustained by the District Court, and on appeal to this court the judgment was affirmed. See 176 So. 322. The plaintiff thereupon applied for and obtained a writ of certiorari from the Supreme Court. On hearing of the writ, the Supreme Court overruled the judgment of the District Court and of this court, and remanded the case to the District Court for trial on its merits. See 189 La. 723, 180 So. 499.

The defendants thereupon filed separate answers, the gist of the defense being that the accident complained of was one which occurred off the premises of the defendants, on a public highway, was not within the hours of employment, and that in fact the plaintiff was not then employed by either defendant; that his injury was not the result of any industrial risk, but arose from a peril to which any member of the entire public was exposed and not within the meaning of the Compensation Statute of Louisiana.

On the trial on the merits, the District Court rendered judgment in favor of the defendants, dismissing plaintiff's suit. Plaintiff has appealed.

The facts as found from the evidence by the lower court are substantially as follows:

The defendant, The Mengel Company, owning certain timber on Cooper's Island in St. Tammany Parish, entered into a contract with the other defendant, W. A. Stafford, to cut the timber and haul it to The Mengel Company's plant at Bogalusa. Plaintiff and others were employed by Stafford to cut the timber for the consideration of sixty-five cents per thousand feet. They had been engaged in felling trees for several weeks when high water appeared and necessitated the cessation of work for several days. After this period of inactivity, upon the instructions of defendant Stafford, plaintiff and the other loggers reported for work on December 30, 1935, and met Stafford at the junction of the public highway and a private roadway leading from the said public highway through the lands of one Mrs. Herman to the tract from which the timber was being cut; the said private roadway being leased by the defendant from Mrs. Herman and used to haul the logs from the tract onto the public highway. The point of meeting was about one mile from the premises whereon the timber was being cut. Upon meeting the loggers at this point, Stafford informed them that the high water still made it impossible to work, and the plaintiff and two other loggers thereupon started on their homeward journey on the public highway. After having travelled a distance of from two hundred and fifty to three hundred yards, they stopped and built a fire on the shoulder of the public highway to warm themselves. The plaintiff testifies that the fire was built about five minutes after leaving Stafford, but the preponderance of the evidence is to the effect that the fire was built about half an hour after the meeting with the defendant. The plaintiff had in his pocket a bottle of kerosene intended to be used in lubricating his saw. This kerosene leaked out of the bottle and onto his trousers and when he came close to the fire his trousers became ignited, causing the injury which is the basis of the suit.

From a review of the record we are of the opinion that the finding of facts by the lower court, as above set forth, is correct, and the principal question before us is whether or not in the light of such facts there is liability under the Compensation Act on the part of the defendants or either of them.

It is apparent from the facts that actual working relations between employer and employees had ceased at the time plaintiff

was injured, since the employees had been advised that weather conditions were too unfavorable for work and they had in fact departed for their homes. The only way, therefore, that plaintiff can bring his case within the contemplation of the compensation statute is if he can show that it comes under the rule established by certain cases that the injured employee can recover if he can show that the accident occurred on his way home from work while he was still on the premises of the employer or in close proximity thereof, or the rule set forth in certain cases that the injured employee can recover if he can show that the accident occurred as a result of an accident incidental to his employment as set forth in Kern v. Southport Mill, 174 La. 432, 141 So. 19.

It is clear from the facts that the point where the accident occurred was neither on the premises nor in close proximity thereof. Plaintiff's suit cannot therefore be maintained on the ground that the injury occurred on the premises or in close proximity thereof and as a result of hazards peculiar thereto, to which the public was not generally subject, as held in the case of Cudahy Packing Co. v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366, 30 A.L.R. 532, on which plaintiff's counsel places much reliance.

Counsel for plaintiff contends that the situation herein is similar to that in the case of Kern v. Southport Mill, supra, from which he quotes the following: "* * * and, when one finds himself at the scene of accident, not because he voluntarily appeared there but because the necessities of his business called him there, the injuries he may suffer by reason of such accident 'arise out of' the necessity which brought him there, and hence 'arise out of' his employment, if it so be that he was employed and his employment required him to be at the place of the accident at the time when the accident occurred." [174 La. 432, 141 So. 21.]

In the cited case the employee was actually on a mission for his employer when he was accidentally struck by an automobile as he alighted from a street car. Since the plaintiff herein had been dismissed for the day and was free to proceed in whatever manner and in whatever direction he pleased (and as a matter of fact did get off his direct route home and go into the woods adjoining the public highway prior to his accident, according to his testimony), the cited case does not appear applicable to the case at bar. It is the contention of plaintiff, however, that under our jurisprudence an employee is allowed a reasonable time in going to and from his work, and that an injury resulting from an accident occurring during such time creates liability under the statute as though the employee had actually entered upon his duties or had continued his duties. He cites several cases in support of that contention, including Kiernan v. Friestedt Underpinning Co. et al., 171 App.Div. 539, 157 N.Y.S. 900; Finnegan v. Biehn et al., 276 N.Y. 50, 11 N.E.2d 348; but in none of these does it appear that the accident occurred at a point other than on the premises of the employer or in close proximity thereof.

Admitting, however, for the sake of discussion, that the plaintiff herein was in the same position with reference to the Compensation Statute at the time of his accident as the plaintiff in the case of Kern v. Southport Mill, supra, and that under the authority of the latter case he should recover for injury suffered as a result of hazards to which he was subjected on his homeward journey, the question then arises as to whether or not he was injured as a result of a hazard to which he was so exposed. Counsel for plaintiff maintains that the evidence shows that it was "freezing weather" and that therefore it was reasonable and, in fact, the part of wisdom, for the plaintiff and his fellow workers to build the fire on the shoulder of the public highway to protect themselves from the bitter cold. It appears to us, however, that counsel draws inferences from the evidence with which the lower court did not agree and with which we cannot agree. Counsel apparently assumes the attitude that the evidence shows that the building of the fire was a necessity and not merely a convenience or a means of comfort, whereas the trial judge, in his reasons for judgment, has this to say about it: "The evidence herein does not convince me that it was necessary for the fire to be built in order to provide bodily warmth for the plaintiff and keep him from freezing as it was alleged in the petition. It is true that it was a cold morning but as one of the witnesses expressed it: 'They built the fire to warm their toes.'"

The testimony with reference to the weather is that it had rained, it was damp and cold and ice was forming, but we have no testimony as to the actual temperature and no testimony that it was so bitterly

cold that a fire was necessary to protect.life and health. In fact, from the evidence it appears that one of the loggers went on his way and did not loiter at the scene of the accident to "warm his toes". Moreover, it is not reasonably inferable that these loggers would have reported for the purpose of going into the swamps to fell trees on a day that was so bitterly cold as to have endangered life or health. We cannot therefore see wherein the lower court erred in holding that the fire was built by the plaintiff and his fellow workers as a matter of convenience to them and for their personal comfort, and outside the scope of their employment.

Counsel for plaintiff contends further: "* * * Had it been hot weather, and had Rogers been working in a plant, he would certainly be entitled to compensation if electrocuted while taking a shower bath preparatory to putting on fresh clothes and returning to his home."

We agree with that contention, but recovery under such a situation would be because the accident occurred on the premises of the employer and on the theory that the employer invited the employee to use the shower and consequently was duty-bound to make such convenience safe. Certainly there would be no liability on the employer had the employee stopped and used a shower in a barber shop along his route home and being then and there electrocuted, or had he drowned while taking a plunge in a stream adjoining the highway on his way home in order to relieve himself of heat and perspiration. In either of these hypothetical contingencies, as in the case at bar, the hazard to which the employee exposes himself is purely of his own choosing and for his own convenience and comfort.

Plaintiff's counsel contends that the lower court overlooked the fact that the Supreme Court "in this case had the question of appellant's right to make this fire and the result of its decision is that it sanctioned him in so doing". It may be proper to say that the decision of the Supreme Court had the effect of requiring testimony as to whether or not the building of the fire had such connection with plaintiff's employment as to create liability under the compensation statute, but surely not that the fire was "sanctioned". The remand of the case by the Supreme Court merely referred the building of the fire, like all other elements of the case, to its merits.

We agree with the lower court that the plaintiff in this case exposed himself to the risk which caused his injury at a location separate and distinct from the premises of his employer (as in the case of Walker v. Lykes Bros.-Ripley S. S. Co., La.App., 166 So. 624), and that he did this for reasons personal to himself and after the defendants had lost all supervision and control, actual and constructive, over his movements. The judgment is therefore affirmed.