On May 4, 1946, and prior thereto, Roger Laperouse was employed by McWilliams Dredging Company as a laborer in the business of dredging and other similar work by said company, in the Parish of St. Martin, Louisiana. The petition sets forth "That on the 4th day of May, 1946, the said Roger Laperouse and four other employees worked from 8:00 a.m. to 4:00 p.m. 'walking and breaking the line' in mud and slush, and in extremely hot weather; that at approximately 4:00 p.m. one of the employer's small boats came for said employees in order to transport them back to the dredge boat 'Natchez,' their living quarters; that when the said Roger Laperouse and his co-employees arrived at the dredge boat 'Natchez' they were covered with mud and slush and were overheated and that said employees went into the shallow water near said dredge boat to wash and bathe themselves, and while so doing the said Roger Laperouse accidently drowned." The petition further sets forth that the average weekly wage of said Roger Laperouse was $38.40, and that he used said wage entirely for the support of plaintiffs herein, namely his father Louis Laperouse, his mother Rosalie Landry, wife of Louis Laperouse, and his minor sister Theresa Laperouse and minor brother, Philip Laperouse, saving only $2.00 for his own enjoyment. Consequently plaintiff filed this suit under the Workmen's Compensation Act, Act No. 20 of 1914, as amended, against McWilliams Dredging Company, his employer, and the American Motorists Insurance Company as insurer, alleging that as dependents of the said Roger Laperouse they are entitled to judgment in the amount of 65% of his weekly wage, not to exceed the sum of $20 per week for a period of 300 weeks. The petition, of course, alleges that the occupation of Roger Laperouse was hazardous as defined by the compensation laws.
To this petition the defendant filed an exception of vagueness and an exception of no cause and no right of action, as well as an answer.
The exception of vagueness is predicated on the theory that the allegation of the *Page 482 
petition with reference to the accidental drowning, which is quoted above, does not set forth why it was necessary or proper for the deceased to have used the bayou for the purpose of bathing and removing the mud and slime which he had on him as a result of his work; that the allegations do not contain any statement to the effect that the employer failed to furnish proper facilities for that purpose.
The exception of no cause and no right of action is based on the theory that since plaintiffs have failed to allege lack of proper facilities and have failed to allege that it was necessary for the deceased to have used the bayou for cleaning himself, the petition does not reveal a cause of action.
The answer admits the employment and the drowning, but sets forth that the deceased had already returned to his quarters and that without using the showers and the washing facilities provided for his use on the dredge boat "Natchez", where the employees lived, he chose deliberately to leave the boat upon which he lived and to seek his own pleasures and enjoyment in a swim at a spot located a considerable distance from the employer's premises.
The trial court sustained the exception of no cause and no right of action and plaintiff has appealed.
In his written reasons for judgment the Judge came to the conclusions:
"The accident in this case, as shown by the petition, took place after the hours of employment had terminated hence, clearly, it did not occur in the course of employment."
That the accident occurred after the day's work had terminated and that the deceased was not then engaged in any work; that going bathing was no benefit to the employer, and that the employee was merely pursuing his own pleasure or comfort.
The trial judge states that if it could be said that the necessities of the employer's business reasonably required him to be at the place of employment when it happened, a cause of action would be shown herein, but he concludes that the petition makes no such showing; that after the hours of employment, the only way an industrial accident can come under the Act is where the employer's business reasonably requires the employee to be at the place where the accident occurred. He comes to the conclusion that the accidental drowning (1) did not occur in the course of the employment, and (2) did not arise out of the employment because (a) the employee was not engaged in his employer's business, (b) the employer's business did not reasonably require that he be where the accident occurred when it occurred. The trial judge adds that his conclusions are in conformity with the holding in Rogers v. Mengel Co., La. App., 187 So. 297. In that case an exception of no cause or right of action, see 189 La. 723, 180 So. 499, was sustained by both the District Court and our Court, and on writs the Supreme Court overruled the exception and remanded the case for trial. On the trial on the merits the plaintiff lost and this is the citation relied on by the trial judge. Therefore in so far as the exception is concerned, the case as cited by the trial judge is not apposite, but the decision of the Supreme Court of the case reported in 189 La. 723,180 So. 499 is very apposite.
[1] Similarly the defendants rely, not only on the Mengel case, but also on the case of Rigsby v. John W. Clark Lbr. Co., La. App., 28 So.2d 346, Evans v. Central Surety and Insurance Corporation, La. App., 10 So.2d 405, which cases were also decided on the merits, and not on exceptions. The only case cited by defendants which was decided on an exception is the case of Como v. Union Sulphur Co., La. App., 182 So. 155. In that case the petition clearly showed that the employee was engaged strictly in a personal venture of dynamiting fish, which had no connection whatsoever with his employment. That is quite different from the situation herein where the petition shows that the employee was engaged in removing slime and mud from his body, together with fellow employees, which mud and slime had been obtained in line of duty. As set forth in the Mengel case, supra, "Where one finds himself at the scene of an accident not voluntarily but because of the necessities of his business, injuries suffered in such accidents *Page 483 
arise out of the necessity and hence 'arise out of employment' within Compensation Act."
On the question of sufficiency of the petition, the case of Pierre v. Barringer, 149 La. 71, 88 So. 691, appears to correctly set forth the law, as follows:
"A critical examination of the petition, which is carelessly drawn, would show that it does not technically embrace a cause of action. But its general purport shows it to be a suit by an employe against his employer for compensation for an accident while the plaintiff was in the employ of the defendant and while he was supposed to be acting in the performance of his duties. The answer, which was filed at the same time as was the exception, shows quite plainly the above condition of affairs.
"The law provides in Act 234 of 1920, p. 442, which is an act to amend and re-enact certain sections of the original bill, known as No. 20 of 1914, which is the Employers' Liability Act, that the answer should be filed to the complaint made by the employe implying that exceptions would be out of order, and it further provides that:
" 'The judge shall not be bound by the usual commonlaw or statutory rules of evidence or by any technical or formal rules of procedure other than as herein provided. The judge shall decide the merits of the controversy as equitably, summarily, and simply as may be.'
"The exception of no cause or no right of action should have been overruled."
That case too was decided on the merits.
[2, 3] It is clearly shown by the jurisprudence of this State that in workmen's compensation cases an exception of no cause and no right of action should not be sustained merely on the proposition that the petition does not technically express a cause of action; that the general purport of a petition such as the one filed herein shows it to be a suit by the parents of the employee against the employer for compensation due to the accidental death of the employee while he was supposed to be acting in the performance of his duties or as a natural result of his duties. It would appear that the plaintiffs herein have a right to introduce evidence to show the connection with the decedent's employment of washing off of his person the mud, slime and slush of the swamp, as he did. Certainly, the allegations of the petition are sufficient to show that the plaintiffs believe that they can connect the bathing of the deceased to his actual employment, and that consequently his drowning arose out of his employment. It is probably true that if the defendants can show, as alleged in their answer, that the proper facilities were furnished the employees for the purpose of removing the slime and mud, and that the bathing was entirely unconnected and unnecessary in the employment, then and in that event plaintiffs will not maintain their suit; but that is a matter which goes to the merits, and we do not feel that the plaintiffs should be denied their day in Court on an exception of no cause and no right of action. It is our opinion that the petition is sufficient and that the exceptions should be overruled and the case remanded for trial on the merits.
For the reasons assigned, the exceptions are overruled and accordingly the Judgment of the lower Court is reversed and set aside and the case is remanded for trial on the merits not inconsistent with the views expressed herein. Cost of appeal to be paid by appellees. *Page 589