FRUGÉ, Judge.
Mrs. Dora McCain and her husband, S. B. McCain, instituted this suit in tort against the Gulf National Bank and its insurer, Travelers Insurance Company, seeking damages for personal injuries, disabilities and medical expenses. The defendants filed a motion for summary judgment on the grounds that Mrs. McCain’s exclusive remedy was Workmen’s Compensation benefits. On the showing in plaintiff’s pleadings and the affidavits filed herein, the trial court granted the motion for summary judgment dismissing plaintiffs’ suit. From this judgment plaintiffs have appealed.
The facts and issues in this case are closely related to those in a companion suit decided this date, the decree in which is reported at Burnett v. Travelers Insurance Company, et al., La.App., 153 So.2d 127. Therein Mrs. Joyce Burnett instituted suit in tort against the Gulf National Bank and its liability insurer, Travelers Insurance Company, for loss of love and affection of her mother, Mrs. Julia Ferguson, and for funeral and other incidental expenses. Both appeals were consolidated for argument and this opinion will set forth the reasons for the judgments in both suits.
The sole question brought up by this appeal is whether the trial court was correct in granting the motion for summary judgment.
Pertinent to the rendering of a summary judgment, LSA-C.C.P. Art. 966 provides that “the judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
From the allegations in their petitions (both suits allege the same facts surrounding the injury to Mrs. McCain and death of Mrs. Ferguson) and affidavits filed by plaintiffs and defendants, the following facts are undisputed: Both Mrs. Dora McCain and Mrs. Julia Ferguson were employed by the Southgate Branch of the Gulf National Bank at Lake Charles, Louisiana, as tellers, on February 16, 1961, when Mrs. McCain was wounded and Mrs. Ferguson killed by gunshot by a bandit who held up and robbed their place of employment. The robbery occurred at approximately 6:55 p. m. when the bandit entered the bank and at pistol point forced Mrs. McCain and Mrs. Ferguson to fill a suitcase with money and thereafter forced them into Mrs. Ferguson’s automobile where they were directed to an uninhabited area outside of the City of Lake Charles. At approximately 7:40 p. m. the shooting took place.
Since the basis for defendants’ motion for summary judgment is that Mrs. Ferguson and Mrs. McCain were in the course of their employment at the time of the shooting and the resulting injuries, we need examine the pleadings and affidavits only insofar as they relate to this question. Appellants allege in their petitions and by way of affidavit that the working hours of Mrs. McCain and Mrs. Ferguson were from 4 p. m. to 7 p. m. on the day the injuries occurred. The documentary proof and affidavits in support of the motions for summary judgment establish that Gulf National Bank had obtained from the Travelers Insurance Company a policy of workmen’s compensation insurance for its employees, which policy period spanned the date on which these claims arose.
Appellants, in urging error by the trial court, assert that there is a question of fact which precludes disposition of this case *126 on a motion for summary judgment in that the shooting of Mrs. McCain and the killing of Mrs. Ferguson did not occur until approximately 7:40 p. m., whereas their employment would have terminated at 7:00 p. m. We do not subscribe to this argument. Every factual allegation as to how, when and where the shooting occurred which appellants set forth in their petitions is readily admitted by defendants. Indeed, the only dispute between the parties to these suits is whether or not the shooting, which took place after working hours and off of the employer’s premises, arose out of and in the course of the defendant bank’s business. Based on the facts as agreed ttpon by all litigants, this is a question of law. Thus, while there is a dispute as to what inferences may be drawn from these Tacts and the application of the Workmen’s Compensation Act, we fail to see any dispute as to a material fact concerning scope of employment at the time injuries occurred.
As to whether the injuries to Mrs. McCain and the death of Mrs. Ferguson arose out of their employment, we have no difficulty in answering in the affirmative. It is elementary under the established jurisprudence of this state that where an employee is injured at a place and time not voluntarily, but because of an occurrence arising out of his employment, any injuries sustained thereby arise out of the necessity of his employment and therefore fall within the ambit of the Compensation Act. Laperouse v. McWilliams Dredging Co., La.App., 35 So.2d 481; Rogers v. Mengel Co., 189 La. 723, 180 So. 499. In the instant case, Mrs. McCain and Mrs. Ferguson were engaged in their employment activities when the bandit entered the bank and at gun point forced them to accompany him to the, place where they were shot. His shooting them at a time, normally after their working hours, and at a place removed from the bank building were but a continuation of the bank robbery which occurred during their working hours and while they were actively engaged in the performance of their work. Accordingly, their injuries were received in the course and scope of their employment.
As to the exclusiveness of the Workmen’s Compensation remedy, we are of the opinion that the Supreme Court decision in Bergeron v. New Amsterdam Casualty Company, 243 La. 108, 141 So.2d 832, is controlling. Therein the court stated :
“Pertinent here is LSA-R.S. 23 :1166 (Act No. 495 of 1958) which provides:
“ ‘When an insurance company issues a policy of insurance to an employer covering claims for injuries to employees that may arise within the scope of the employer’s business, the insurance company shall be estopped to deny liability on the grounds that the employment was not hazardous and during the period such insurance is in effect, claims for injuries occurring during such period by such employees against the employer or the insurance company shall be exclusively under the workmen’s compensation act.’
******
“The section clearly makes recovery under the Workmen’s Compensation Law exclusive in those cases to which it is applicable. This is true although all specific elements of the injury may not be compensable.”
Having found that Mrs. McCain and Mrs. Ferguson were shot in the course of their employment, their exclusive remedy, under the positive provisions of LSA-R.S. 23 :1166 as interpreted by the Bergeron decision, supra, is workmen’s compensation.
Appellants contend that notwithstanding the Bergeron decision, supra, the causes of action resulting to S. B. McCain and Mrs. Joyce Burnett are derived by Artir’e 1, Section 6 of the Louisiana Constitution, LSA, and LSA-C.C. Art. 2315 and therefore not covered by the Workmen’s Compensation Act.
*127 Concerning the claim of S. B. McCain, we are of the opinion that the Ber-geron case, supra, completely refutes ap-' pellants’ argument. As in the instant case, the court in Bergeron was confronted with a tort claim by an injured employee and her husband. It suffices to say that the court in Bergeron having found that the employee wife was injured in the course of her employment dismissed the tort claims of both husband and wife.
As to the claim of Mrs. Burnett for the death of her mother, Mrs. Ferguson, it is urged in brief and by oral argument that LSA-R.S. 23:1166 refers to injuries received by employees and not death claims instituted by their relatives; that accordingly Mrs. Burnett’s suit in tort is not excluded. A complete and concise answer to this contention is found in LSA-R.S. 23 :1032, which provides:
“The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations.”
This section refers to the Workmen’s Compensation Act as a whole, and in plain and unambiguous language precludes the actions instituted by Mrs. McCain and Mrs. Burnett.
Lastly, appellants attack the constitutionality of such exclusion as being violative of tire due process clause of the State and Federal Constitution. We are of the opinion that the Bergeron case, supra, likewise disposes of this argument. As stated therein at page 836 of 141 So.2d:
“In providing coverage under the Workmen’s Compensation Law and restricting the remedy, the statute at the same time instituted recovery without fault. The fact that the benefits 'under the act do not include the full range of elements in tort damages does not render the law invalid. Neither do we perceive any infirmity in the circumstance that the insurance coverage is effectuated by an act of the employer. The statute operates upon the employment situation as it exists at the time of the injury. As applied in the instant case, we find no unconstitutionality in the law.”
For the reasons assigned the judgment of the lower court is affirmed; appellants to pay all costs of this appeal.
Affirmed.