TATE, Judge
(dissenting).
The writer feels compelled to make some additional observations concerning the majority’s reversal of the award of compensation to the admittedly disabled workman, because of his concern that the majority opinion marks an erosion of the previously established principles of Louisiana jurisprudence that a workman engaged to perform hazardous duties within the meaning of the compensation act, is entitled to the protection of this humanitarian legislation without hair-splitting inquiry into the workman’s particular duties at the particular moment of an industrial accident which disables him.
The majority’s error, it seems to me, stems from its legal characterization of the undisputed facts as presenting a situation where an employee is separately employed on various days by entirely different and non-related employers (such as, herein, the gin corporation, the estate partnership, and one of the heirs individually). The majority then relies upon certain principles providing that only the employer in whose work the employee is engaged is responsible in compensation liability in the event of disabling injury sustained in one of these “true" dual employments.
To me, however, the present facts do not lend themselves to this characterization. The employee was primarily engaged to work for the gin corporation, which took his full time during at least four months of the year, and which took one or more days a week during various other months of the year. According to the contract of employment, the plaintiff, after performing work as needed by the gin, was to work for the remainder of each six-day work-week either for the estate partnership (owned and managed by the same heirs who owned and managed the gin corporation), or as otherwise directed by these heirs. The plaintiff-employee, primarily engaged to perform the hazardous work of the gin *837 Corporation, was thus to be transferred at the will of the heir-managers between their gin work and their partnership repair and maintenance work, or any other work, either hazardous or non-hazardous, all as determined by the estate heirs, not by the plaintiff himself.
These facts cannot be characterized as demonstrating a true case of an employee making separate employment contracts respectively with the different employers. The present workman was primarily employed by the estate heirs to perform work both for the partnership and for the gin corporation, as determined from day to day and from hour to hour by the estate heirs. These different duties of the plaintiff were rather in different aspects of the same employment than in separate and distinct employments; if the latter, at most the employee’s duties can be characterized as work performed for joint and interrelated enterprises whose control and management was jointly shared by the only theoretically different entities of corporation and partnership. The plaintiff’s wages from time to time might have been paid from either the corporation pocket or the farming partnership pocket; but they came out of the same basic economic enterprise — the estate of Adraste Landreneau, part of which, for bookkeeping purposes, was organized as the gin corporation and the other part of which as the estate farming partnership.
The real principle at issue here is that stated in Professor Malone’s treatise immediately following the quotation from it in the majority opinion, to the effect, Section 58, pp. 66-67:
“If, however, the employee is subject to the joint control of several employers [e. g., in the present instance, the gin corporation and also the estate partnership] at the same time and for the same work, he is entitled, if injured, to subject them all to his compensation claim. * * * ”
I should at this time point out that the jurisprudence from other states relied .upon, to the supposed effect that only the employment in which the workman is injured should bear the compensation costs, must be evaluated in the context of the jurisprudence of those other states. Louisiana alone of the American jurisdictions does not require that an employer secure his employees against compensation liability to them by insurance or otherwise. See Malone, Louisiana Workmen’s Compensation (1951) 43-45 (Section 35(2)); 2 Larson, Workmen’s Compensation Law (1961), 443 (Section 92.10, especially footnote 1). Thus, in these jurisdictions outside of Louisiana, the problem really involved is only which of two or more employers involved shall be ultimately responsible for the injury concerned. In Louisiana, however, a ruling such as the majority has indulged in herein, ultimately determines whether an employee is entitled to any compensation at all, not which employer shall pay.
It is for reasons such as this that in Louisiana, unlike in most other jurisdictions, the general and the special employers of a borrowed employee are both liable in solido to him for workmen’s compensation benefits. Humphreys v. Marquette Casualty Co., 235 La. 355, 103 So.2d 895. See also lower court dissent in companion case pointing out this factor in Holland v. Marquette Casualty Co., La.App. 1 Cir., 95 So.2d 878 at 886; a dissent with which' the Supreme Court agreed in its reversal of the lower court’s denial of compensation benefits.
Again, the majority’s present ruling flies, in the face of the rationale of the Louisiana jurisprudence instanced by the Kern v. Southport Mill and Dobson v. Standard Accident Ins. Co. cases cited by the majority opinion. This rationale is to the effect that a workman, employed to perform hazardous duties covered by the compensation act, cannot be deprived of the protection of this benign legislation because his employers choose to send him to perform non-hazardous or non-business or non-covered activities. The employee is not in a position to refuse to perform such latter duties arising out of his hazardous employment, and he is *838 regarded as performing them as an incident of and in the course of his hazardous employment if he is injured while engaged in them, so as to be entitled to the protection of our compensation laws in the same manner as if injured while performing hazardous duties.
Let us look again to the particular facts of the present case.
At the time of the injury, the present plaintiff-employee was performing work for the Landreneau Enterprises, the estate partnership. A regular and recurrent feature of the business of this partnership was the repair and maintenance of some fifteen or sixteen country tenant houses and of some four or five town rental houses owned and maintained by this partnership. After the present insurance policy had been taken out by Mr. Adraste Landreneau before his death, an endorsement of the policy had specifically been requested and afforded to cover this regular and recurrent residence carpentry involved in his economic activities. Annual premiums were charged and collected on the basis of such1 regular and recurrent maintenance work, including on the basis of wages paid to the present plaintiff in his past years’ performance of such duties.
This repair and maintenance work is itself classified by the workmen’s compensation act as hazardous; the injured employee was directly injured and permanently disabled as a result of an accident while engaged in such work, statutorily-defined as hazardous and as therefore covered by our state compensation act. It is difficult for me, as a matter of practical fact, to see why this economic activity of regular and recurrent repair and maintenance of the residence properties of the business partnership, was not a hazardous feature of its economic operations; it is equally difficult to understand why, as a matter of practical fact, these recurrent residence carpentry activities are not a part of the trade or business of the partnership. This is no isolated and non-recurrent transaction of a non-hazardous business; this is a regular feature, a substantial attribute, a genuine part of the economic business of the partnership in maintaining and renting and using these residence properties. The majority’s holding in this respect is in conflict with the Supreme Court’s ruling in Landry v. Fuselier, 230 La. 271, 88 So.2d 218.
Leaving this aspect of the majority ruling to one side, the facts further show that the plaintiff-employee was employed primarily to perform hazardous duties for the gin corporation, with the specific understanding by the heir-managers that they were securing the employee’s services full-time throughout the year, not just during the four months of the ginning season, nor the one-day-a-week or so of gin-maintenance involved in the remainder of the year. The heir-managers shifted the employee at their will from his gin duties to partnership duties, although he drew each week only a single check from either the gin corporation or the partnership, no matter for which theoretically separate entity he had performed part or all of his duties that week. I simply cannot believe that the protection of the Louisiana compensation act evaporated when the employee was temporarily transferred by the gin’s heir-managers to other economic operations likewise managed and owned by them. Basically, from the employee’s point of view, his duties were all part of the same employment, directed by the same heir-managers, and paid interchangeably by one entity or another of their total economic enterprise. The duties of his employment involving his substantial and regular exposure to hazardous work, his disabling injuries are compensable, no matter in which branch of the enterprise they were sustained.
One last aspect of the case deserves further comment.
The majority brushes aside somewhat lightly the possible application of LSA-R.S. 23:1166, which provides in full:
“When an insurance company issues a policy of insurance to an employer covering claims for injuries to employees *839 that may arise within the scope of the employer’s business, the insurance company shall he estopped to deny liability on the grounds that the employment was not hazardous and during the period such insurance is in effect, claims for inju/ries occurring during such period by such employees against the employer or the insurance company shall be exclusively under the workmen’s compensation act.” (Italics mine.)
Because of this recent (1958) statutory provision, an employee of a business which has secured compensation insurance has been held to be deprived of any remedy whatsoever in tort against his employer, and he has been held to be relegated instead to a claim for workmen’s compensation as his sole remedy for injuries sustained in his employment Bergeron v. New Amsterdam Casualty Co., 243 La. 108, 141 So.2d 832; McCain v. Travelers Insurance Co., La.App. 3 Cir., 153 So.2d 124. If, for instance, the present employee had sued his employer in tort instead of in compensation, under authority of the cited cases, the present insured employer probably had a defense against the claim in tort, even though it were contended that the business of renting houses is not hazardous and was therefore not subj ect to coverage under the workmen’s compensation act. Since the business had secured compensation insurance to cover its liability for workmen’s compensation, the injured workman’s exclusive remedy was in compensation, by reason of the above quoted statute.
Reverting to the present facts, even under the majority opinion, at the time of the accident the injured workman was a regular employee of at least the Landreneau Enterprises, which enterprise had secured compensation insurance to protect it against liability for workmen’s compensation. The majority unintentionally avoids the necessary implication of this fact, insofar as LSA-R.S. 23:1166 is concerned, by a rather curious process of reasoning.
The majority flatly states that the business of renting houses is non-hazardous, so that therefore residence carpentry in repairing same is not part of the trade or business of this non-hazardous enterprise. (From a practical standpoint, this conclusion seems to be a non sequitur; but let this pass.) Therefore, the majority held, the injured employee’s accident at work is not within the coverage of the workmen’s compensation act. Since the defense sustained was that the employee’s work was not part of the employer’s non-hazardous business, the majority reasons that LSA-R.S. 23 :- 1166 is not applicable, which estops the insurer only from denying coverage upon a defense based upon the non-hazardous nature of the employer’s business.
What this overlooks, in my opinion, is that LSA-R.S. 23:1166 was specifically designed to estop an insured employer or its insurer from asserting that the business in which the injury was sustained was rum-hazardous! The business of renting houses may or may not have been considered non-hazardous, if the suit for compensation had been against an uninsured employer. But since this employer had compensation insurance, the defense cannot be raised that such business was non-hazardous and thus not within the coverage of the compensation act.
Further, as indicated in my dissents, I think there is a substantial doubt as to the conclusion that the regular and recurrent residence carpentry (involved in maintaining and repairing some fifteen or sixteen farm tenant houses and some four or five town rental houses) is not a hazardous feature of the economic enterprise involved in owning and maintaining these residences for business purposes. The defense that this regular and recurrent residence carpentry was not substantial enough to constitute a hazardous feature of the business, entitling employees injured therein to the protection of the workmen’s compensation act, is the very sort of defense prohibited by LSA-R.S. 23:1166 to an employer who has secured compensation insurance.
Nevertheless, the majority has unintentionally assumed as a fact adverse to the injured workmen, the very defense which *840 as a matter of law is not available to his insured employer and its insurer — that the employment in which the workman was injured was non-hazardous, and therefore not covered by the workmen’s compensation act. Since the insurer is estopped from contending that the employer’s business is non-hazardous, the employees of the business injured in the course of their employment are entitled to recover workmen’s compensation benefits as in the case of any employment specifically classified as hazardous by the workmen’s compensation act.
For these reasons, as well as for those assigned in the original dissent, I respectfully disagree with my brethren’s denial of rehearing in the instant case.