No. 631

First Circuit

THIBODEAUX v. YOUNT LEE OIL CO.

(June 9, 1930. Opinion and Decree.)

Griffin T. Hawkins, of Lake Charles, attorney for plaintiff, appellant.

Pujo, Bell & Hardin, of Lake Charles, attorneys for defendant, appellee.

LeBLANC, J. From a judgment in the lower court dismissing his claim for compensation under the Workmen's Compensation Law (Act No. 20 of 1914, as amended), on an exception of no cause of action, the plaintiff has appealed.

His petition discloses in effect that he was employed by the defendant oil company which was doing some drilling and prospecting for oil in the Hackberry field in Cameron parish; that on March 30, 1929, at about 5 o'clock p. m., while walking to his home, which is situated approximately one mile from the place where he performed his work, on reaching a point about forty steps from his home, he stepped on a nail which protruded from a board in the grass in the pathway, and as a result of that accident his foot became infected and he suffered the injury for which he seeks to recover compensation.

Before the matter was submitted to the lower court on the exception the following admission was placed in the record:

"Plaintiff admits that immediately after he got off his work at five o'clock p. m. at the oil field he started directly for his home and took the nearest and usual route and the only practical way from his work to his home. That his home was situated approximately two hundred steps from the public highway and upon turning out of the public highway into a path leading to his house and upon reaching a point approximately twenty-five steps from his home he stepped on a nail in a board which was lying in the grass in or near the path, causing injuries set out in his petition."

It is apparent that we are here confronted with the question of the employer's

liability for compensation to an employee who is injured while returning from his work, while he is off of the premises of the employer.

There are decisions in our Louisiana courts as well as in other jurisdictions which tend to create considerable confusion and require the drawing of fine distinctions in determining the question as to how far such injuries arise out of and in the course of the employment. To attempt to classify them all would be to undertake an almost insurmountable task, and one which would not serve much purpose, as in the very early history of our own jurisprudence on the subject, our Supreme Court, in the case of Myers vs. La. Ry & Nav. Co., 140 La. 938, 74 So. 256, 258, remarked:

"However after vain attempts at formulating some verbal test for determining when the injury has or not arisen out of the employment, the courts have come to the conclusion that each case must be determined from its own facts; that the question cannot be solved by phrases."

If any rule is to be extracted from the numerous cases we have examined on the particular point involved here, it is to the effect that, where the employee is injured in going to or from work while he is still on the employer's premises, or is injured in a conveyance furnished by the employer to transport him to and from work, his claim is compensable; but, where the injury occurs while he is off of the premises of the employer, it is not.

In those cases coming under the first class of injuries stated under the rule, compensation is generally allowed on the theory that the employee who is injured while going to or from work while he is on the premises where he performs his services may be said to be engaged in the course of his employer's trade or business within the meaning and intendment of the compensation statutes. A Louisiana decis'on which expresses this principle is found in the case of Prevost vs. Gheens Realty Co., 151 La. 508, 92 So. 38, 40, from which we quote the following:

"When an employee is going from his work to his lodging house, on the premises where he works, he is, within the meaning of paragraph 2 of section 1 of the Employers' Liability Act, 'performing services arising out of and incidental to his employment in the course of his employer's trade, business or occupation.' See authorities cited in Myers v. Louisiana Railway & Navigation Co., 140 La. 938, 74 So. 256."

In Baker vs. Texas Pipe Line Co., 5 La. App. 25, the Court of Appeal for the Second Circuit, deciding the case, said:

"The usual rule followed in Workmen's Compensation cases appears to be that a man's employment does not begin until he has reached the place where he is to work or the scene of his duty and does not continue after he has left the premises of his employer. Bradbury, Workmen's Compensation, 3d Ed. 468. And it is ordinarily held that if an employee is injured on the premises of the employer in going to or from work he is entitled to compensation for such injury. Honnold, Workmen's Compensation, paragraph 122. Bradbury, Workmen's Compensation, 3d Ed. 473, and authorities cited."

In cases dealing with the second class of injuries, that is, those received by the employee while he is aboard a conveyance furnished by the employer to transport him to and from work, compensation is usually granted on the theory that the transportation is part of the contract of employment or was contemplated as such, and naturally the injury is compensable within the terms of the statute. Illustrative of this class of cases is that of May

vs. Louisiana Central Lumber Co., 6 La. App. 748, wherein the Court of Appeal, Second Circuit, says, at page 750:

"Where an employee, while riding to or from his work in a conveyance under the control of and furnished by the employer as an incident of the employment is injured, it is generally held that the injury arose in the course and out of the employment. (In re Donovan, 217 Mass. 76, 104 N. E. 431 (Ann. Cas. 1915C, 778); also Bass v Shreveport-Eldorado Pipe Line Co., 4 La. App. 109); and we assume that it will be conceded that where there is not an express agreement that the conveyance was so furnished the agreement may be implied from the action of the parties."

With regard to those cases involving injuries to employees going to or returning from work while they are away from the employer's premises and in which compensation was allowed, we find, on examination, that generally the place where the accident occurred is in such close proximity to, or so connected with, the premises that, in principle, it may be considered as having happened on the actual premises of the employer, and consequently to have arisen in the course of the employment. Expressive of this principle is the case of Cudahy Packing Co. vs. Parramore, 263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 366, 30 A. L. R. 532, which has been cited as authority in several of our Louisiana cases, notably Le Blanc vs. Ohio Oil Co., 7 La. App. 721; Ward vs. Standard Lumber Co., 4 La. App. 89; Jones vs. Louisiana Central Lumber Co., 2 La. App. 260, and others.

The general rule, however, without regard to any distinctions having to be made, or fine points drawn, is to the effect that injuries resulting from accidents occurring away from the employer's premises are not considered as having any causable connection with the employment and are not compensable. Besides, the dangers or risks from which such injuries arise are, as a rule, not incidental or peculiar to the nature of the employment, but are those that are common to the neighborhood, and, as such, they do not come under the protection of the Compensation Law.

The following citation is taken from Ruling Case Law, Permanent Supplement, volume 8:

"As a general rule an injury suffered by an employee in going to or returning from the employer's premises where the work of his employment is carried on does not arise out of his employment so as to entitle him to compensation under the Workmen's Compensation Act. Morey v. Battle Creek, 299 (229) Mich. 650, 202 N. W. 925, 38 A. L. R. 1039; Nesbitt v. Twin City Forge, etc., Co., 145 Minn. 286, 177 N. W. 131, 10 A. L. R. 165; Lumberman's Reciprocal Ass'n v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; Cudahy Packing Co. v. Industrial Commission, 60 Utah, 161, 207 P. 148, 28 A. L. R. 1394."

In annotating a Michigan case, Guastelo vs. Michigan Cent. R. Co., 194 Mich. 382, 160 N. W. 484, L. R. A. 1917D, 69, Negligence and Compensation Cases Annotated, vol. 15, at page 241, refers to what is "a well settled general rule that injuries sustained by an employee while going to or returning from his day's work, where there is no contract of transportation, are not to be regarded as arising out of or received in the course of his employment."

In the same work, vol. 12, at page 372, in an annotation of another case, Zbinden vs. Union Oil Co. of California, 2 Cal. Ind. Acc. Comm. 590, we read:

"As stated by the commissioner at the time of the hearing, 'it is a rule of very general application in all jurisdictions, and under all compensation laws, that the em-

ployee is under the protection of such compensation laws from the time that he has reached his employer's premises in the morning until he leaves them at the close of his day's work, but that his risks in going and coming are the risks of the commonalty, and not of the employment, and injuries sustained by accident while going and coming cannot be said to 'arise out of the employment' which they must do in order to be compensable under the Workmen's Compensation, Insurance and Safety Act.' "

In the case before us, the admitted statement shows that the plaintiff necessarily had left his work many minutes before, as he had walked the greater part of a mile when he reached the place where he received the injury. He had left the public road over which he had walked and had entered the path leading directly to his home. All relation between him and his employer had ceased at that time, and there could be no causable connection between the source of his injury and the character of his employment. The danger he was exposed to and which caused his injury was far removed from the nature of his work, and was one which he or any one of his family, neighbors, or friends were in peril of, irrespective of what errand took them through this path.

Such facts bring this case within the rule announced in the last authorities cited as well as the authorities of our own courts in the cases of Nugent vs. Lee Lumber Co., 4 La. App. 372; Wyatt vs. Alabama Petroleum Corp., 2 La. App. 499; Bass vs. Shreveport-Eldorado Pipe Line Co., 4 La. App. 107.

The judgment of the lower court sustaining the exception of no cause of action and dismissing plaintiff's suit was correct, and it is therefore affirmed.