## OGEA v. EMERGENCY RELIEF ADMINISTRATION et al.

### No. 1342.

Court of Appeal of Louisiana. First Circuit.

May 8, 1934.

M. R. Stewart and C. S. Girod, Jr., both of Lake Charles, for appellant.

Frank T. Doyle, of New Orleans, for appellees.

MOUTON, Judge.

This suit is against the Emergency Relief Administration and its compensation insurer, Zurich General Accident & Liability Insurance Company.

The police jury of the parish of Calcasieu assigned part of its road work to the Relief Committee by which plaintiff was employed to carry on the work at $1.50 per day, to be paid directly by the Relief Committee.

In article V of his petition, plaintiff alleges: "That under said contract of employment, the said employer contracted and bound itself to and customarily convey your petitioner to and from said work in a truck furnished by said employer, he being instructed to meet said truck at a designated point and at a designated time each morning by his said employer."

In article VI, the allegation is made by plaintiff, that he rode his horse from his house to his work, under the instructions of a member of the police jury, which included both the starting point and mode of transportation.

648

In the following article, he avers that he traveled over a rough and dangerous route, the nearest and most direct to his work, that he would not otherwise have traveled; that he sustained an injury by his horse stumbling and falling on him, causing the damages for which he is claiming compensation.

An exception of no cause or right of action was filed by the Zurich General Accident & Liability Insurance Company, which was maintained by the district judge. Plaintiff appeals.

■ Counsel for plaintiff recognizes the well-settled general rule that a workman injured while going or returning from his daily work is not entitled to compensation. It is also recognized by counsel for plaintiff that, where it is part of the contract of hire that the employer will convey the employee from his home to the scene of his labor, the employee, if injured on his way, is entitled to recover. This right to recover, however, is given when the employee is injured while using the conveyance furnished by his employer, unless with his employer's consent he is permitted to use some other conveyance or way of going to or from his work.

■ In article V of the petition, above reproduced, it will be seen that his employer, the Relief Committee, as shown by his petition, had bound itself to convey petitioner to and from his work, customarily in a truck furnished by his employer, and, not only this, it is also alleged in that article that plaintiff was instructed to meet that truck at a designated point and time each morning by his employer.

In the following articles, VI and VII, his averments are substantially that he was riding a horse over a rough and dangerous road at the time he was injured; and there is no allegation in either of these articles that the Relief Committee had consented to the use of a horse by plaintiff or had consented to or acquiesced in this method of transportation.

Evidently the means of conveyance which the Relief Committee had contracted to furnish plaintiff, that is, by truck, which he was to meet at a designated point and time, cannot be construed as permitting the use of a horse as a means of transportation over a rough and dangerous road. It is therefore plain, under the allegations of plaintiff's petition, that the means of transportation used by him were of his own initiative, at his risk and peril, and that the Zurich Insurance Company cannot be held responsible as the insurer for compensation of the Relief Committee, plaintiff's employer.

■ In their brief, counsel for plaintiff contend that, if the allegations in the petition are not sufficient, an amendment thereto offered by them should have been allowed and was improperly denied below; that the judgment should be reversed and the case remanded for trial.

There is no amended petition filed or offered to be filed in the record and no order refusing such amendment appearing in the record. This court has nothing before it on this subject by which it could determine whether the alleged denial was legal or incorrect; hence the sole question before us is as to whether or not a cause or right of action was alleged in plaintiff's original petition.

We find that no cause or right of action was alleged therein, that the exception was correctly maintained, dismissing the suit.

Judgment affirmed.