**ROGERS v. MENGEL CO. et al.**

No. 1744.

Court of Appeal of Louisiana.   First Circuit.

Oct. 5, 1937.

Granzin & Harper, of New Orleans, for appellant.

Breazeale & Sachse, of Baton Rouge, for appellees.

LeBLANC, Judge.

This is an appeal from a judgment in the lower court which sustained an exception of no right or cause of action and dismissed the plaintiff's suit at his costs. Inasmuch as the plaintiff had been granted an order permitting him to prosecute his suit in forma pauperis under Act No. 156 of 1912 and its amendments (Act No. 260 of 1918, § 1, Act No. 165 of 1934, § 1), we take it that that part of the decree in the judgment which casts him with costs was rendered inadvertently.

The suit is predicated on a claim for compensation against the defendants Mengel Company and one Willie A. Stafford.

Plaintiff alleges that he was employed to fell and haul timber by Stafford, who was operating under a subcontract with the Mengel Company. From the written reasons handed down for judgment by the district judge, we learn that one of the issues raised under the exception was that the Mengel Company could not be held liable for compensation to the plaintiff as the petition itself disclosed that he was employed by and working for Stafford, who was an independent contractor. The opinion correctly dismissed that contention by simply referring to a further allegation of the petition to the effect that the contract between Stafford and Mengel Company was one, the nature and type of which, plaintiff did not know. Certainly, there was not a sufficient allegation of fact from which could be drawn the legal conclusion that the relation between the two defendants was one of independent contractor, as appears to have been contended on behalf of the Mengel Company. That issue seems now to have passed out of consideration and we need say nothing further concerning it.

The petition sets forth the following state of facts, which, for the purpose of considering the exception of no right or cause of action, must be taken as true.

About November 15, 1935, plaintiff and others were working for Willie A. Stafford, who had a contract with the defendant Mengel Company to cut and haul certain timber in the Bogue Chitto swamp in the parish of St. Tammany. Due to inclement weather, there was a layoff of several days, following which, on December 30, 1935, they were called back to work by Stafford. Plaintiff and the other loggers, as they are called, reported early on the morning of that day on the tract of land where the cutting was going on, that being at a point said to be two miles west of Sun, in St. Tammany parish, approximately three miles from plaintiff's home. For the time that he had worked, plaintiff avers that his average earnings had been $2.50 per day, working six days per week.

On the morning when they reported for work, they were advised by Stafford "that conditions were not favorable for cutting and hauling timber," whereupon plaintiff and his fellow workers removed to a point about one hundred yards from the place where they had assembled for work, still in St. Tammany parish, and, because of the extremely cold and freezing weather, "they built a fire to warm themselves before beginning their homeward journey." (Quotations are from the allegations contained in plaintiff's petition.)

While standing near the fire, not long after it had been built, plaintiff discovered that the left leg of his pants and his left leg were afire, and further, that a bottle of coal oil which he carried in his left pocket, and which oil he used to lubricate his saw and other equipment used on the job, was uncorked and, as the oil spilled down his leg, it took fire and caused severe burns, as a result of which he had to be given extensive hospital and medical treatment, in spite of which he remains totally disabled from doing work of any reasonable character.

The only other allegation which we deem of importance in considering the issue raised under the exception is one to the effect that the fire referred to was made "on the premises and/or tract of land on which the logging was being done" and that was also the place where plaintiff sustained the injury which gave rise to his claim for compensation.

From the foregoing statement of facts, it is apparent that actual working relations between employer and employees had ceased at the time plaintiff was injured, since the employees had been advised that weather conditions were too unfavorable for work and they had in fact departed from the scene of work for their homes. The only basis therefore on which plaintiff can hope to bring his case within the contemplation of the compensation statute (Act No. 20 of 1914, as amended) is if he can persuade the court that it comes under that rule established by certain cases that the injured employee can recover if he can show that the accident occurred on his way home from work while he was still on the premises of the employer.

The general rule, and one which seems to be well recognized by all courts, is that the employer is not liable for compensation to the employee who is injured while on his way to, or from, work, because such injuries are not considered as having arisen out of or in the course of the employment. In Voehl v. Indemnity Insurance Co. of North America, 288 U.S. 162, 53 S.Ct. 380, 382, 77 L.Ed. 676, 87 A.L.R. 245, the United States Supreme Court stated: "The general rule is that injuries sustained by employees when going to or returning from their regular place of work are not deemed to arise out of and in the course of their employment. Ordinarily the hazards they encounter in such journeys are not incident to the employer's business."

As stated further however, there are exceptions to the general rule, one of which was presented in that very case and on which the award in favor of the injured employee was based. There, the injured employee sustained his injury in an automobile accident on a Sunday while on his way to the employer's place of business "for the purpose * * * of performing duties assigned to him" and his compensation was computed from the time he left his home until he returned, with an allowance for transportation. Very properly, his injury was held to be one arising out of and in the course of his employment. This exception of course is not pertinent to the case before us.

A generally recognized exception to the rule that the relation of employer and employee ceases when the day's work is done and the employee is on his way home appears in those cases in which it is shown that the injury occurred when the employee was using the means of transportation furnished by the employer for going to and from work. In those cases it is generally held that the transportation furnished by the employer is part of the contract of employment and included, as it were, in the employee's compensation. The employer, in such cases, being under obligation to see the employee safely home from his work, assumes all the risks incidental thereto, and such risks therefore are held to be incidents of the employment. This exception, of course, has no bearing on the present case.

Still another exception to the general rule may be presented when the employee, under certain circumstances, on his return from work, is still on the employer's premises. This exception is recognized by several of the text writers on Workmen's Compensation Laws, as will be noted in Schneider's work on that subject, vol. 1, p. 776, § 266. Among those cited are Honnold, Bradbury and Boyd. The word "premises" in connection with this exception is used in a limited sense. It is restricted to the relation which the actual premises on which the employee is injured bears to his presence thereon at the time, or to the nature of the employer's business. A narrow passageway, with attending hazards, which affords the employee's only means of ingress and egress to the plant at which he works, may very well be considered as premises so closely connected with the employee's duties as to say

that if injured thereon when leaving work he would be protected by the compensation law. On the other hand, an open lot, forming part of the premises, but several hundred feet away from the plant which he uses as a route to his home for his own convenience, and which has no relation whatsoever to the duties of his employment, could not very well be said to constitute the premises on which, if injured, he would be afforded the same protection. In the first instance, his injury would have arisen out of and in the course of his employment, where as in the latter, there would be no causal connection between the accident in which he was injured and the nature of his employment. In Murphy v. Ludlum Steel Co., 182 App. Div. 139, 169 N.Y.S. 781, 782, the court, in construing the word "premises" in this same connection, stated: "Evidently the premises meant are not any lands which the employer owns, but rather the immediate premises or grounds upon which the plant is located." In Prevost v. Gheens Realty Co., 151 La. 508, 92 So. 38, our Supreme Court held that the employee who was injured in going from his work to his lodging house was entitled to recover compensation when it appeared that his lodging house was on the employer's premises "where he worked." This court, in Thibodeaux v. Yount Lee Oil Co., 13 La.App. 591, 128 So. 709, 710, stated that, under the exception here under consideration, compensation was generally allowed on the theory that the employee who is injured while going to and from work while he is on the premises "where he performs his service" may be said to be engaged in the course of the employer's trade or business within the meaning of the compensation act.

Inasmuch as the plaintiff in this case has alleged that the fire by which he was burned was made "on the premises and/or tract of land on which the logging was being done" it becomes important to consider this allegation of fact in connection with the last exception which we have been discussing.

In the first place, the allegation has to be construed in connection with the others on the same subject matter so that the facts may be obtained from the petition as a whole. It is to be noted that plaintiff had first alleged that, after they had been told that there would be no work, he and his companions removed to a point "about one hundred yards from the place where they had assembled for work" and it was there that they built the fire to warm themselves. There we find a specific allegation, definitely fixing the place where plaintiff was injured at a point one hundred yards from the place where they had assembled for work; a point, therefore, one hundred yards from the place where plaintiff was to perform his services for the employer. Compared to the very general statement contained in the subsequent allegation that "the fire was made and he was injured on the premises and/or tract of land on which the logging was being done" it is bound to be controlling in establishing the actual premises on which the injury was sustained.

In the second place, the last allegation contains merely the broad statement that the fire was built "on the premises and/or tract of land on which the logging was being done," without showing in any manner what relation plaintiff's presence there at the time bore, if any, to his duties as an employee of the defendant. No attempt is made to describe these logging operations and how extensive they may have been. In our opinion, the statement adds nothing to the first allegation to the effect that the injury occurred one hundred yards from the place where the men had assembled for work, without specifying that it was on the premises of the employer. Certainly that point, the only one fixed in plaintiff's petition, cannot be said to constitute the "premises" of the employer in an application of the exception to the general rule that compensation will not be allowed for injuries sustained by an employee while on his way to or returning home from work, and especially so in the absence of any other allegation than that plaintiff was there to warm himself before a fire which he and his fellow employees themselves had built. Their act in lighting the fire was one of their own volition, performed for their own personal convenience and comfort. It was not an incident of their employment which, as the petition shows, had ceased some time before, when they were told that weather conditions were not favorable for work that day. Plaintiff's injury cannot therefore, even under the most favorable construction of his petition, be said to have arisen out of and in the course of his employment as is positively required in order to bring it within the benefits of the compensation statute.

We are of the opinion that the judgment below which sustained the exception. of no cause or right of action is correct, and it should therefore be affirmed.

 We made mention of the fact that the judgment cast the plaintiff with costs, which must have been an inadvertence. We will therefore amend that part of the decree.

For the reasons stated, it is ordered that the judgment appealed from be amended by omitting from the decree the words "at his costs" and, as thus amended, it stands affirmed.