106 So.2d 791 (1958)
Emma Lee HAY, Plaintiff-Appellee,
v.
The TRAVELERS INSURANCE COMPANY, Defendant-Appellant.
No. 8936.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1958.
Rehearing Denied November 25, 1958.
Writ of Certiorari Denied December 15, 1958.
Theus, Grisham, Davis & Leigh, Monroe, for appellant.
Roy M. Fish, Springhill, for appellee.
AYRES, Judge.
This is an action under the Workmen's Compensation Act. LSA-R.S. 23:1021 et seq. The plaintiff is the surviving widow of Foster Hay, who was killed in an automobile *792 accident January 22, 1957, at about 7:45 o'clock A.M. and who, at that time, was allegedly in the employ of Claiborne Butane Company, Inc. Plaintiff appears in her own capacity and on behalf of eight minor children, issue of her marriage with the deceased. The defendant is the workmen's compensation insurer of the employer.
The issue for determination on this appeal is whether Foster Hay was acting in the course and scope of his employment at the time he was fatally injured. The trial court resolved the issue in plaintiff's favor and, accordingly, awarded her compensation. From the judgment defendant appealed.
Only two witnesses testified in the case, Senator W. M. Rainach, president and manager of Claiborne Butane Company, Inc., and Edward Mills, with whom Hay was riding when killed. The testimony of these witnesses established these facts: The Claiborne Butane Company, Inc., having its domicile and place of business at Homer, Claiborne Parish, Louisiana, is engaged in the business of the sale and distribution of butane gas in an area of approximately 35 miles radius from Homer. Its business included also the sale and installation of butane gas systems and appliances. In connection with the operation of said business, Foster Hay, a resident of the Summerfield community, located 12 or 13 miles from Homer, was employed as a plumber's helper on November 17, 1954. His employment, continuous until the date of his death, was predicated upon an hourly basis; he was paid for the hours worked. The work-day began at 8:00 o'clock A.M., when the employees assembled at the employer's place of business and were assigned work for the day. Usually they reported again at the close of the day at 5:00 o'clock P.M.
On the morning of the fatal accident Foster Hay was on his way to work, riding as a passenger, as he frequently did, in an automobile owned and driven by one Edward Mills, a fellow employee, who had picked him up at Palmer's Store en route to Homer. As they approached Homer and within approximately a mile and a half of the employer's place of business and only a few minutes prior to the time they were to report for duty, the Mills automobile was involved in an accident on the highway, in the course of which Hay received injuries from which he died.
Claiborne Butane Company, Inc., maintained and operated a truck for the convenience of such of its employees in the Summerfield community who desired to avail themselves of that mode of transportation in reporting to the employer's place of business and for their work assignments. There, however, was no requirement or compulsion concerning the use of the facility provided. The evidence establishes that the facility was provided solely for the convenience of those employees who desired to use it. Some of the employees furnished their own transportation; others rode as passengers in vehicles of other employees. The employees were not consistent in the use of either mode of transportation. For instance, Foster Hay at times used the transportation furnished by the employer but frequently made use of other means, such as riding with fellow passengers and particularly with Edward Mills, in whose car the employer had no interest and over the operation of which it had no control. The record further establishes that the employer was aware of the fact that Hay sometimes traveled to and from work in a private conveyance, either his own or as a passenger with Mills.
Specifically, the issue tendered by this appeal relates to the right of recovery of compensation for the death of an employee en route to the place to begin the performance of his duties while traveling in a conveyance neither furnished by nor under the control of the employer. The determination of the issue presented is not free from difficulty. Numerous cases have been before the appellate courts of this State involving the question of whether an *793 injury sustained while going to or from work arose out of or was in the course of the workman's employment. A study of these cases only reveals the lack of a uniform rule or formula to serve as a guide in all cases. The decision in each case must necessarily depend upon the particular facts therein involved. Whatever the facts, they must be governed by the application of well-defined and well-established rules in the jurisprudence which have been developed in aid of arriving at a just result or conclusion. In this connection, a general fundamental rule for the recovery of workmen's compensation is contained in the statute, which provides:
"If an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated." LSA-R.S. 23:1031. (Emphasis supplied.)
An accident occurs "in the course of * * * employment" within the intendment of the aforesaid provision when it takes place during the time of such employment. Kern v. Southport Mill, Limited, 174 La. 432, 141 So. 19; Rogers v. Mengel Co., 189 La. 723, 180 So. 499; Fields v. Brown Paper Mill Co., Inc., La. App., 28 So.2d 755; Walker v. Lykes Brothers-Ripley S. S. Co., Inc., La.App., 166 So. 624; Thibodeaux v. Yount Lee Oil Co., 13 La.App. 591, 128 So. 709. The phrase "in the course of" has been held to refer not only to the time of but to the place and circumstances of the accident. Harvey v. Caddo De Soto Cotton Oil Co., 199 La. 720, 6 So.2d 747. The phrase "arising out of" has been held to mean when the employee was then engaged about his employer's business. Kern v. Southport Mills, Limited, supra; Laine v. Junca, 207 La. 280, 21 So.2d 150; Harvey v. Caddo De Soto Cotton Oil Co., supra; Nesmith v. Reich Bros., 203 La. 928, 14 So.2d 767; Babineaux v. Giblin, La.App., 37 So.2d 877.
A general rule, however, which is subject to many qualifications and exceptions, is that an injury sustained by an employee while going to or from work is not compensable. Such an injury or accident is regarded by the weight of authority as not arising out of his employment and as not being, or not occurring, in the course thereof. 99 C.J.S. Workmen's Compensation § 232, pages 807-810. Nor does such an accident occur or an injury therefrom arise in the course of his employment. Malone in Louisiana Workmen's Compensation Law and Practice, page 199, § 171, says:
"The courts have consistently stated that an accident that befalls an employee while he is going to or returning from work does not occur in the course of his employment",
and cites in support thereof the following authorities: Wyatt v. Alabama Petroleum Corporation, 2d Cir., 1925, 2 La.App. 499; Thibodeaux v. Yount Lee Oil Co., 1st Cir., 1930, 13 La.App. 591, 128 So. 709; Boutte v. R. L. Roland & Son, 2d Cir., 1931, 15 La.App. 530, 132 So. 398; Thompson v. Glen Hill Gravel Co., 2d Cir., 1932, 19 La. App. 854, 141 So. 797; Crysel v. R. W. Briggs & Co., La.App. 2d Cir., 1933, 146 So. 489; Harless v. Forgy, Hanson & McCorkle, Inc., La.App. 1st Cir., 1933, 149 So. 135; Ogea v. Emergency Relief Administration, La.App. 1st Cir., 1934, 154 So. 647; Thomas v. Shippers' Compress & Warehouse Co., Inc., La.App.Orl.1935, 153 So. 859; Bridges v. Central Surety & Ins. Corp., La.App. 1st Cir., 1938, 180 So. 456; Neyland v. Maryland Casualty Co., La.App.Orl.1946, 28 So.2d 351; Babineaux v. Giblin, La.App. 1st Cir., 1948, 37 So.2d 877; Jinks v. Burton Sutton Oil Co., La. App. 1st Cir., 1950, 44 So.2d 343. See also Brooks v. Cal-Metal Pipe Corp. of La., La. App., 81 So.2d 462; Wetzel v. Britton, 83 U.S.App.D.C. 327, 170 F.2d 285.
*794 Giving due consideration to the aforesaid principles, can it be said that Foster Hay was fatally injured in an accident arising out of and occurring in the course of his employment? We think not. The accident did not occur during working hours nor did it necessarily result from a risk to which he was subjected in the course of his employment. The accident occurred prior to his reporting for work and at which time he was not on the employer's pay roll. He was on a conveyance neither furnished nor controlled by the employer, nor engaged in its service. Nor was there any causal connection or relationship between Hay's employment and the accident resulting in his death.
Moreover, plaintiff concedes that injuries received to a workman while going to or returning from work are generally not compensable, but contends such injuries are compensable where transportation is an integral part or concomitant of the contract of hiring, in which event the employment begins and ends with the beginning and end of transportation and that, accordingly, accidental injuries sustained during the course of such transportation are compensable. Cited in support thereof are: Walker v. Mills Engineering Const. Co., La.App., 152 So. 83; Fowler v. Louisiana Highway Commission, La.App., 160 So. 813; and Banks v. Associated Indemnity Corp., 5 Cir., 161 F.2d 305, which are all predicated upon either an express or implied contract to furnish transportation. Plaintiff, pursuing her contention further, says that where an employer contracts to furnish transportation, the right of the employee to recover compensation for injuries sustained on the way is not limited to cases where the employee is using the conveyance furnished by the employer but is extended to other conveyances which the employee may be using with the employer's consent. Cited in support thereof is Ogea v. Emergency Relief Administration, supra. The cases cited are clearly distinguishable from the instant case and, therefore, are without application in that in the cited cases the right of the injured employee to recover is predicated upon either an express or implied contract between the employer and the employee for the employer to furnish transportation for the employee. No such contract or arrangement was shown to exist in the instant case.
Plaintiff further relies upon the decision of this court in Keyhea v. Woodard Walker Lumber Co., Inc., La.App., 147 So. 830, and the decision of the Orleans Court of Appeal in Thompson v. Bradford Motor Freight Line, 148 So. 79. These decisions are inapposite in that in each of these cases an exception to the general rule that an employee cannot recover for injuries sustained while going to or returning from his work was recognized, where there existed as a part of the contract of hiring or as an integral part thereof an express or implied agreement to provide transportation. No such exception was shown to exist in the instant case. There was no departure in the cases cited from the general rule excluding recovery for injuries received in going to or returning from work.
Applying the foregoing principles as established in the jurisprudence to the facts of the case at bar, it will be seen that plaintiff's case is governed by the general rule that recovery of compensation will be denied in cases of accident where the injury occurs before or after working hours. It is conceded that Hay sustained fatal accidental injuries before the beginning of the work-day and prior to his reporting for duty. Prior to the employee's reporting for work, the employer was without right or authority to exercise supervision and control over him, either actual or constructive. Can it be said that an employee may, before reporting for work, bare himself to risk of accidents away from his employer's premises for strictly private purposes and thereby create liability on the part of the employer, who had not acquired actual or constructive supervision or control over the employee's actions? We think not. The act of the deceased was one *795 personal to him. He chose his own mode of transportation; he was performing no duty for his employer; he was not on his employer's pay roll, nor had the hour arrived for the beginning of the day's work. Thus, the resulting accident could not, and did not, have any causal connection with the business of the employer; nor did his death occur during the course of his employment or arise out of his relationship with the employer. Walker v. Lykes Brothers-Ripley S. S. Co., Inc., supra; LeBlanc v. Ohio Oil Co., 7 La.App. 721.
Having reached the conclusion that the accident did not arise out of Hay's employment nor in the course of such employment, the judgment awarding plaintiff compensation will necessarily have to be reversed.
Accordingly, for the reasons assigned, the judgment appealed is annulled, avoided, reversed and set aside, and it is now ordered that plaintiff's demands be and they are hereby rejected and her suit dismissed at her cost, including cost of this appeal.
Reversed.