LEMMON, Judge.
Albert DeMaggio, a lingerie salesman for United Mills Corporation, was killed when his automobile struck a tree on Marconi Drive in the City of New Orleans on September 9, 1966. Alleging that DeMaggio was killed by accident arising out of and in the course of his employment, his widow sued the employer for death benefits and funeral expenses under the Louisiana Workmen’s Compensation Act, and also demanded statutory penalties and attorney’s fees for the employer’s arbitrary and capricious failure to make these payments. After trial on the sole contested issues of *531 course of employment, the trial court granted death benefits and funeral expenses and rejected all other demands. United Mills appealed suspensively. Since there is no answer to the appeal, the issue of penalties and attorney’s fees is not before us.
DeMaggio’s territory included Louisiana and several neighboring states, and his customary routine was to call on distant account locations by automobile, leaving New Orleans on Monday and returning late Thursday or early Friday. On Fridays he called on his customers in New Orleans or in nearby towns within short driving distance of the city.
The automobile in which DeMaggio was killed was used only for business purposes, and his family car was never used in his business. His office, a bedroom in his residence, contained a desk, typewriter, adding machine, files and a separate business telephone.
Although DeMaggio worked full time for United Mills, he was paid on a commission basis only, and he paid (without reimbursement) for his automobile, travel and lodging expenses, his sample merchandise, and all other items of business overhead.
DeMaggio’s largest account in New Orleans was Maison Blanche, a large downtown department store. The lingerie buyer of that store, knowing DeMaggio’s travel schedule, called him the day before the accident, a Thursday, and requested an appointment for 10:00 o’clock on Friday morning. When DeMaggio arrived, the buyer chastised him severely because a large shipment of winter sleepwear, ordered in May, had not yet arrived. The buyer threatened to cancel the order, and DeMaggio telephoned the manufacturer twice, but was unable to determine the reason for the shipping delay. He promised the buyer that he would continue his efforts to find out what had happened and would let him know immediately. DeMag-gio left Maison Blanche at approximately 1:15 P.M., and the fatal accident occurred at 1:30.
Mrs. DeMaggio testified that when her husband called on Maison Blanche and other downtown stores on Friday, he always traveled the same route from his office-home to Canal Street. This route, which included the site of the accident, was also used for his return to his office-home, where he always returned immediately from his Friday calls and performed his paper work for thirty minutes to an hour or longer before attending to any personal business.
We view this primarily as a case turning on sufficiency of evidence, and we believe that the preponderance of the evidence indicates that, at the time of the accident, DeMaggio was traveling toward his office-home and was following his usual Friday routine in connection with his employment.
However, defendant argues that, even if it is accepted that DeMaggio was enroute to his office-home when killed, he was not in the course of his employment unless he was to perform further duties after he arrived there, and this, it is argued, was not proved. See Malone, Louisiana Workmen’s Compensation, § 163, p. 176.
There is no indication that DeMaggio was doing anything different from his Friday work routine, in which he would have returned to his office-home to perform additional work in connection with his employment. The only unusual circumstance— that DeMaggio was diligently attempting to salvage a substantial order from his best customer — strengthens this conclusion.
Nor is there any basis to conclude, or even to assume, that he had undertaken a deviation from his employment in order to pursue his own business or pleasure, as did the employee in Warren v. Globe Indemnity Co., 217 La. 142, 46 So.2d 66 (1950) and in Mabry v. Fidelity and Casualty Co. of New York, 155 So.2d 44 (La.App. 1 Cir. 1963).
*532 The facts and circumstances of this case therefore make inapplicable the general rule that an employee is not in the course of employment while traveling to or from work.
There is an additional consideration in cases involving a traveling salesman acting within the course of his employment, because there is no fixed place of employment and the hours are irregular. It is clear that such an employee traveling from one place of work to another is within the course of his employment. Since this employee’s travel by automobile to a series of work locations is a required element of his employment, we see no reason to distinguish between an accident which occurs on the first leg of his travel (from office-home to a work location), as in Aymonde v. State National Life Ins. Co., 138 So.2d 460 (La.App. 3 Cir. 1962), or on a middle leg of his travel (from one work location to another), or on the last leg of his travel (from a work location to his office-home), as in this case.
Furthermore, it was held in Johnson v. Wallace Industrial Constructors, 224 So.2d 31 (La.App. 1 Cir. 1969), writ refused 254 La. 782, 226 So.2d 771 (1969), that an employee, who was required to travel on a mission in connection with his employment, was within the course of employment on the return from that mission (even though he had undertaken a deviation for personal purposes prior to that return). We believe that the same reasoning would be applicable here, even if DeMaggio had undertaken some personal mission in the brief period between leaving Maison Blanche and returning to his route back to his office-home.
We believe that under the circumstances presented DeMaggio was within the course of his employment at the time of the accident which arose from that employment. Therefore, the judgment of the trial court is affirmed, defendant to pay all costs.
Affirmed.