256 So.2d 832 (1972)
Joseph C. GAUTREAUX, Plaintiff-Appellant,
v.
LIFE INSURANCE COMPANY OF GEORGIA, Defendant-Appellee.
No. 3705.
Court of Appeal of Louisiana, Third Circuit.
January 21, 1972.
*833 Kibbe & Cooper by Gary E. Theall, Abbeville, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe by V. Farley Sonnier, Lafayette, for defendant-appellee.
Before FRUGE, SAVOY and HOOD, JJ.
HOOD, Judge.
This is a workmen's compensation suit instituted by Joseph C. Gautreaux against his employer, Life Insurance Company of Georgia. A summary judgment was rendered by the trial court dismissing the suit, and plaintiff has appealed.
This is no dispute as to any of the material facts. The sole issue is whether the injuries allegedly sustained by plaintiff arose out of and in the course of his employment.
Plaintiff was involved in a one-car automobile accident in Vermilion Parish at about 8:00 A.M., on Friday, December 5, 1969. He alleges that he is totally and permanently disabled as the result of back injuries which he sustained in that accident.
At the time this accident occurred Gautreaux was working for defendant, Life Insurance Company of Georgia, as an insurance salesman and premium collector. He had been so employed since December, 1968. His principal duties were to call regularly on a number of defendant's policy holders for the purpose of collecting premiums due. He also solicited sales of additional policies for defendant. The company assigned him a "debit route," which consisted of the accounts of a relatively large number of policy holders in and around his home, and he followed a "regular schedule" in calling on these policy holders to collect premiums each month.
Gautreaux lived with his family near Abbeville, and he had no office or headquarters other than in his home. He spent the first four days of each week, Mondays through Thursdays, traveling from house to house along his debit route to collect premiums and sell new policies, returning to his home each afternoon or evening. The company allowed him much discretion as to the manner in which these collections and sales were made, and during the first part of each week he was not required to be at any particular place at any one time. He was required, however, to go to defendant's office in Lafayette every Friday to consolidate sales and collections, to turn in the money he had collected that week, to submit a report of his collections and sales, and sometimes to attend a staff meeting. He was en route from his home to the company's office in Lafayette to turn in the money he had collected and to submit his weekly report when the above mentioned accident occurred.
Plaintiff was expected to use his own automobile or to provide his own means of transportation in carrying out the duties of his employment. Pursuant to that understanding, he used his personal automobile to perform these duties during, the entire time he worked for defendant. The company required plaintiff to carry automobile liability insurance, but it did not reimburse him for any of the expenses he incurred in operating his car.
Plaintiff's demands for compensation benefits were rejected by defendant, and this suit was instituted. Defendant filed a motion for summary judgment alleging *834 as one ground therefor that plaintiff was not in the course of his employment when the accident occurred, and that his alleged injuries did not arise out of his employment.
Defendant points out that it did not provide transportation for plaintiff and that the accident did not occur on the employer's premises. It argues that plaintiff's injuries were sustained while he was going to work, that he was not in the course of his employment, and that he thus is not entitled to recover workmen's compensation benefits.
The general rule is that an injury suffered by an employee away from his employer's premises while going to or returning from work, does not arise out of and in the course of his employment. This general rule, however, is subject to a number of exceptions. It does not apply, for instance, where the employee is a traveling salesman, or where he is required to travel from place to place in the performance of his duties and to provide his own means of transportation in doing so. In such an instance there is no fixed place of employment and his hours necessarily are irregular. If the employee sustains an injury while traveling under those circumstances, although not on the employer's premises, his injuries will be considered as having been sustained in the course of his employment if he was then engaged about his employer's business, and not merely pursuing his own business or pleasure, and the necessities of his employer's business required him to be at the place of the accident when it occurred. Boutte v. Mudd Separators, Inc., 236 So.2d 906 (La.App. 3 Cir. 1970); Simmons v. Liberty Mutual Insurance Company, 185 So.2d 822 (La.App. 3 Cir. 1966); Kern v. Southport Mill, 174 La. 432, 141 So. 19 (1932); Aymonde v. State National Life Insurance Company, 138 So.2d 460 (La.App. 3 Cir. 1962); DeMaggio v. United Mills Corporation, 252 So.2d 530 (La. App. 4 Cir. 1971); Babineaux v. Giblin, 37 So.2d 877 (La.App. 1 Cir. 1948).
The issues determined in Aymonde v. State National Life Insurance Company, supra, are almost identical to those presented here. In Aymonde, an insurance salesman and debit collector worked an established route in his own vehicle, using his home as his office or headquarters. While he was traveling in his own automobile en route from his home to his employer's office in Opelousas to report in for instructions, to attend a sales meeting and to deposit money collected, he became involved in a one-car accident which caused him to suffer injuries, rendering him totally and permanently disabled. We held that the trip which Aymonde made to Opelousas that day was a necessary and required part of his work, and that he was in the course of his employment when the accident occurred.
Defendant attempts to distinguish Aymonde from the instant suit on the grounds, first, that in Aymonde plaintiff stopped once during his journey to Opelousas to collect an overdue premium from a policy holder, and second, that Aymonde was specifically directed by his employer to go to Opelousas on that particular day. We feel that the circumstances pointed out by defendant were immaterial to the outcome of the Aymonde case, and that the cases cannot be distinguished on those grounds.
Substantially the same conclusion was reached by the Fourth Circuit Court of Appeal in DeMaggio v. United Mills Corporation, supra. There, a salesman was fatally injured while returning to his office-home in his own automobile, after promising a customer that he would continue his efforts to clear up a shipping delay. The court held that he was in the course of his employment.
We have concluded that the rule applied in Aymonde and in DeMaggio must be applied here. The uncontradicted evidence presented at the hearing on the motion for summary judgment indicates to us that Gautreaux was in the course of his employment when he allegedly injured his back, and that his claim is governed by the *835 provisions of the workmen's compensation act. We think the trial judge erred, therefore, in summarily dismissing plaintiff's suit.
The judgment appealed from is reversed, and the case is remanded to the trial court for further proceedings consistent with the views herein expressed. The costs of this appeal are assessed to defendant-appellee.
Reversed and remanded.