HOOD, Judge.
This is a workmen’s compensation suit instituted by Robert Stephens, Bernard Stephens, Gary Malcomb and Dexter McClure against Justiss-Mears Oil Company. The trial court rendered a summary judgment in favor of defendant, dismissing the suit, and plaintiffs appealed.
The issue presented is whether the accident which resulted in injuries to the plaintiffs occurred during the course of the lat-ters’ employment by defendant.
There is no dispute as to any of the material facts. Plaintiffs were injured in an automobile accident which occurred at about 1:30 P.M. on January 26, 1973, in LaSalle Parish. They were employed at that time to work as oil field workers for defendant, Justiss-Mears Oil Company, in connection with the drilling or reworking of an oil well located a few miles from Jena, Lpuisiana. The accident happened while they were riding in an automobile owned and being driven by a co-employee, Gerald Breithaupt, from Jena to the oil rig on which they worked. After they left Jena and before they reached the rig, the automobile in which they were riding left the road and ran into a tree, resulting in the injuries which form the basis for this suit.
All of the occupants of the car were members of a crew which was scheduled to work an eight hour shift on the rig, beginning at 2:0O P.M. and ending at 10:00 P.M., on that date. They were paid an hourly rate for the work they performed, and in computing the payments due them their time did not begin to run until they reached the rig and began working at 2:00 P.M. Their time ended when they left the rig at 10:00 P.M. The employer did not provide transportation to and from the job site for any of its oil field workers, and it did not reimburse plaintiffs for any of their travel expenses.
Plaintiffs and Breithaupt lived in or near Jena, and they worked out a car pool arrangement for traveling to and from work everyday. They alternated in driving their automobiles, and it happened to be Breit-haupt’s regular turn to drive his car on the day this accident occurred. All of the occupants of the car met at about 12:30 P.M. on the day the accident occurred at an ice house in Jena, where they obtained some ice for the water cans which they used for drinking water while at work. They then got into Breithaupt’s car and began traveling toward the rig where they were to work. The accident occurred shortly after they left the ice house at a point on the highway several miles from the site of the drilling rig.
One of the plaintiffs, Gary Malcomb, worked as a driller for defendant, and as such it was his responsibility to hire crew members and to see that they got to the job site on each work day. Malcomb thus took the lead in working out the car pool arrangements for his crew. He made up the schedule showing when each worker was to *719 provide the transportation. He took his own car when a worker was unable to take his vehicle on a day scheduled for him to do so, and Malcomb thus drove his automobile to work more than did any other member of the crew. Malcomb, however, like all of the other oil field workers employed by defendant, received no travel allowance or reimbursement of travel expenses for transporting himself and other workers to and from the job site. Each employee maintained his own car and paid for the fuel required to haul himself and other members of the car pool to work.
Defendant customarily gave to each oil field worker employed by it a water can so that the employee would have some means of taking drinking water to the job site. The can became the property of the employee to be used as he saw fit. If the worker lost his water can the company would give him another one on his request. The defendant also paid for any ice which the employee put in the water can for use while working. The employee could obtain ice from specified ice houses and have it charged to the company, or he could buy ice anywhere he pleased and the company would reimburse him for it. There was no requirement that any employee obtain ice before reporting to work, and in fact, there was no requirement that he even take drinking water or a water can with him. Most of the employees preferred to take drinking water and ice with them to the job site, and for that reason it had become customary shortly before this accident occurred for plaintiffs and Breithaupt to meet at the ice house in Jena just before starting their trip in one of their privately owned cars to the drilling site where they worked.
The trial judge concluded that the accident which resulted in injuries to plaintiffs did not occur during the course and scope of their employment. Defendant’s motion for a summary judgment dismissing the suit was thus granted. Plaintiffs contend that their employment began when they got into the Breithaupt car at the ice house in Jena and began their journey to the job site, and that they thus were in the course of their employment when the accident occurred. They take the position that each employee was required as a condition of his employment to furnish transportation for the entire crew and that when a man was hired by defendant his car and tools were also hired. They argue that in view of those circumstances plaintiffs were in the course of their employment while they were traveling to the job site in a fellow-employee’s car.
The general rule is that an employee who sustains a disabling injury while going to or returning from work is not entitled to workmen’s compensation benefits, since his injury is not considered as having occurred during the course of his employment. Gardner v. Industrial Indemnity Company, 212 So.2d 452 (La.App. 1 Cir. 1968).
There are some well -recognized exceptions to the above stated general rule, and plaintiffs contend that this case falls in one of those exceptions. They argue that “When an employee is a passenger in a co-employee’s car, with whom he has a contractual arrangement to provide transportation to and from work, or where the employer requires the employee to furnish transportation for himself and his co-employees, injuries suffered while in the car are covered by workmen’s compensation.”
We have concluded that the trial court was correct in applying the general rule in this case, and that there is no error in the judgment which was rendered dismissing plaintiffs’ suit.
The issues presented here are almost identical to those which which were before the court in Vincent v. Service Contracting, Inc., 108 So.2d 281 (La.App.Orl.1959). In that case the deceased employee was killed while driving his own car on his way home from the site of his employment. He and other employees had formed a “car pool,” as did the plaintiffs in the instant suit, and it was the decedent’s turn to use his car on *720 the day the accident occurred. He and other members of the car pool had gathered at an agreed upon place earlier that day and they then got into the decedent’s automobile to be transported to the job site. At the end of the work day they got back into the decedent’s car and started the trip back to their homes. The accident occurred while they were en route to their homes. In that case, as in the instant one, a “pusher” was responsible for employing a sufficient number of employees in his gang. The employer did not provide or pay for the transportation of the employees to and from work, and it did not reimburse them for the use of their automobiles. The court of appeal, Orleans, held that the decedent was not in the course of his employment at the time of the accident.
In Hay v. Travelers Insurance Company, 106 So.2d 791 (La.App. 2nd Cir. 1958), the deceased employee was killed while riding in an automobile owned and being operated by a fellow-employee en route to the place of the employment. The driver had picked the decedent up at a point which they had agreed upon and from that point they proceeded toward the site of the employment. The employer also maintained and operated a truck for the convenience of its employees who desired to use that mode of transportation to and from work. There was no requirement, however, that they use that truck. The Court of Appeals, Second Circuit, held that the general rule applied, and that the decedent was not in the course of his employment when the accident occurred.
We believe the cases which have just been described are applicable here, and that the holdings in those cases are consistent with the judgment appealed from here.
Plaintiffs have cited as authority for the position they take here the cases of DeMaggio v. United Mills Corp., 252 So.2d 530 (La.App. 4th Cir. 1971); Gauthreaux v. Life Ins. Co. of Georgia, 256 So.2d 832 (La. App. 3rd Cir. 1972) ; Johnson v. Wallace Industrial Constructors, 224 So.2d 31 (La. App. 1st Cir. 1969); and Boutte v. Mudd Separators, Inc., 236 So.2d 906 (La.App. 3rd Cir. 1970). We do not consider any of those cases to be applicable to the instant suit.
In DeMaggio and Gauthreaux, supra, the claimants were salesmen, and the evidence showed that each was performing services for his employer when the accident occurred. In Johnson and Boutte, supra, the employee in each case was operating a vehicle furnished by the employer and was engaged in a mission for or in the interest of his employer. In the instant suit, unlike any of the cited cases, plaintiffs were not in a vehicle furnished by the employer, they were not performing services for their employer, and they were not engaged in a mission for it.
We believe that the judgment appealed from in the instant suit is consistent with the holdings in all of the cited cases. Plaintiffs here were not provided with transportation by their employer, and they were not reimbursed the expenses incurred by them in getting to and from work. They were not riding in a company-owned vehicle when the accident occurred, but instead they were in a car which was owned and being operated by a fellow-employee, a member of their car pool. The accident occurred before the time scheduled for plaintiffs to report for work, and before they even reached the job site. They, in fact, were several miles from the place of their employment when their injuries were sustained. They were not engaged on a mission for their employer, their only purpose in making the trip was to get from their homes to the job site in order that they could report for work.
We find no merit to the argument that plaintiffs were in the course of their employment when the accident occurred because a “contractual arrangement” existed between them and defendant, under the terms of which plaintiffs were to provide transportation to and from work. There was no requirement that plaintiffs enter into a car pool arrangement, or that they *721 use any specific means of getting to the job site. The fact that the employer furnished each employee with a water can and with ice does not justify a holding that the employee became engaged in the course of his employment immediately after he filled his water can and got into the automobile of a fellow-employee to proceed to the job site.
Our conclusion is that plaintiffs were not in the course of their employment when the accident occurred and that the trial judge did not err in applying the established general rule and in dismissing the suit.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.