STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**11-91**


RALPH MAYES

VERSUS

DEEP SOUTH CHEMICAL, INC.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION -District 04
PARISH OF LAFAYETTE, NO. 09-07604
SHARON MORROW, WORKERS COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*


**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters and
Shannon J. Gremillion, Judges.

**AFFIRMED.**



**William Howard Goforth**
**Attorney at Law**
**P. O. Drawer 3563**
**Lafayette, LA 70502-3563**
**(337) 237-5777**
**Counsel for Plaintiff/Appellee:**
**Ralph Mayes**

**Amanda H. Carmon**
**Eagan, Johnson, & Stiltner**
**P. O. Box 98001**
**Baton Rouge, LA 70898-8001**
**(225) 231-0934**
**Counsel for Defendant/Appellant:**
**Deep South Chemical, Inc.**

**GREMILLION, Judge.**

The employer, Deep South Chemical, Inc. (Deep South), appeals the workers' compensation judgment in favor of its employee, Ralph Mayes, awarding him temporary total disability benefits. Mayes initially appealed the Workers' Compensation Judge's (WCJ's) denial of penalties and attorney fees; however, Mayes has since dismissed that appeal, but reserved his answer to the appeal in which he seeks attorney fees for work on this appeal.

### FACTS AND PROCEDURAL POSTURE

Mayes was employed as an outside salesman for Deep South. His job required the use of his personal vehicle, for which Mayes was provided a gas card and a $550-per-month car allowance. Further, Deep South maintained accounts with select repair establishments for repairs to Mayes' car, although Mayes paid for all repairs from his monthly allowance.

The nature of Mayes' job demanded very flexible hours. On March 11, 2008, Mayes' day began at 4:00 a.m., when he embarked for Intracoastal City to meet crews of rig workers as they came off their shifts. After completing his tasks in Intracoastal City, Mayes drove to Opelousas to obtain a tension pulley for his car, thence to Chabill's Tire Service in Broussard to have the pulley installed. While there, at approximately 2:30 p.m., Mayes was injured when the chair in which he was sitting collapsed.

Shortly before the March 2008 accident, Mayes had been treated for low back complaints by Dr. John Cobb, a Lafayette orthopedic surgeon. Dr. Cobb had performed a lumbar laminectomy and fusion at the L3-4 and L4-5 levels in December 2007. Mayes returned to Dr. Cobb after the subject accident on March 17, 2008, and

1

has treated with him since. Mayes has also been treated for injuries related to the chair collapse by Dr. Michael Cavanaugh, a chiropractor practicing in Lafayette.

The matter was tried on stipulations and exhibits on July 15, 2010, and the matter was taken under advisement. On September 14, 2011, the WCJ rendered oral reasons for judgment awarding Mayes temporary total disability benefits and past medical expenses. The WCJ determined that Mayes was injured in an accident that arose from and was in the course of his employment with Deep South. This determination was rooted in the WCJ's determination that "for all intents and purposes, his vehicle was a company vehicle," that Mayes was required to travel extensively in his job, and that his vehicle was essential to performing his job duties. Thus, the WCJ found the repairs to the truck arose from his employment with Deep South, although he was not making a sales call at the time.

## ASSIGNMENT OF ERROR

Deep South assigns as error the trial court's determination that Mayes' accident occurred in the course of and arose from his employment.

## ANALYSIS

An employee who sustains personal injury from an accident arising out of and in the course of his employment is entitled to benefits. La.R.S. 23:1031(A). An accident arises from employment "if the employee was engaged about his employer's business and when the conditions of obligations of the employment cause the employee in the course of employment to be at the place of the accident at the time the accident occurred." *McLin v. Indus. Specialty Contractors, Inc.*, 02-1539, p. 9 (La. 7/2/03), 851 So. 2d 1135, 1142 (citing *Guillory v. Interstate Gas Station*, 94-1767 (La. 3/30/95), 653 So.2d 1152; *Kern v. Southport Mill*, 141 So.2d 19 (La.1932)).

2

An accident is considered to have occurred in the course of employment when it occurs at a time and in a place associated with the employment. *Guillory*, 653 So.2d 1152. These two requirements are not viewed independently and a strong showing of "arising out of" can overcome a weak showing of the "in the course of" requirement. *Id.*

Findings by the WCJ that an accident arose out of and was in the course and scope of employment are factual determinations subject to review under the manifest error standard. *See Bruno v. Harbert Int'l., Inc.*, 593 So.2d 357 (La.1992). The trial of this case on stipulations does not affect the standard under which this case is reviewed. *See Becht v. Morgan Bldgs. & Spas, Inc.*, 01-1091 (La.App. 1 Cir. 6/21/02), 822 So.2d 56, *writ granted*, 02-2047 (La. 11/8/02), 828 So.2d 1117, *aff'd*, 02-2047 (La. 4/23/03), 843 So.2d 1109, *cert. denied*, 540 U.S. 878, 124 S.Ct. 289 (2003); *Orleans Parish Sch. Bd. v. City of New Orleans*, 96-2664 (La.App. 4 Cir. 9/3/97), 700 So.2d 870, *writ denied*, 97-3094 (La. 3/13/98), 712 So.2d 877. Under the manifest error standard, courts of appeal review the record to determine whether it reasonably supports the determination made by the trier of fact. *Stobart v. State through Dep't of Transp. and Dev.*, 617 So.2d 880 (La.1993).

Mayes was required to maintain flexible hours. This fact was demonstrated by his activities on the date of the accident. He left his home in order to meet a crew change arriving in Intracoastal City at 5:00 a.m. He then proceeded to get his vehicle repaired. Deep South contends that Mayes' accident did not arise from his employment because he typically worked seven to nine hours a day. His work day began quite early and would have ended before the accident at 2:30 p.m., according

3

to Deep South.[1] Further, the risk that Mayes' chair would collapse was no greater as a result of his employment than a member of the public at large. *See Sallean v. Jefferson Parish Med. Soc'y.*, 01-128 (La.App. 5 Cir. 5/30/01), 788 So.2d 1205, *writ denied*, 01-1925 (La. 10/12/01), 799 So.2d 505.

We view Mayes' activities as analogous to those in cases involving the so-called "Going-and-Coming Rule." We have articulated the reasoning behind the Going-and-Coming Rule:

> Generally, an employee who has an accident while traveling to and from work is not in the course and scope of employment and, thus, is not entitled to worker's compensation benefits. "This rule is premised on the theory that ordinarily the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work." *Yates v. Naylor Industrial Services, Inc.,* 569 So.2d 616, 619 (La.App. 2 Cir. 1990), *writ denied,* 572 So.2d 92 (La.1991). "Moreover, an employee's place of residence is a personal decision not directly controlled by the employer, and treating commuting time as part of the determination of course and scope of employment would remove manageable boundaries from the determination." *Orgeron ex rel. Orgeron v. McDonald,* 93-1353 (La. 7/5/94), 639 So.2d 224, 227. Requiring an employee to show up for work does not make the employee's transportation incidental to the employment contract.

*Kennedy v. Martin Gas Transp. Co., Inc.*, 96-100, p. 4 ( La.App. 3 Cir. 8/21/96), 680 So. 2d 1195, 1197, *writ denied*, 96-2838 (La. 1/24/97), 686 So. 2d 860 (citations omitted).

This rule admits of exception. In *McLin*, 851 So.2d 1135, an electrician who was required to attend an off-premises safety meeting was deemed to have been involved in an accident arising out of and in the course of his employment when involved in an auto accident en route home from the safety meeting. In *Dean v. Southmark Constr.*, 03-1051 (La. 7/6/04), 879 So.2d 112, a carpenter was injured

---

[1] Mayes contends that he regularly worked from 3:00 a.m. until past 5:00 p.m. Under the particular facts of this case, we find the distinction uncompelling.

while traveling to work when his direct employer deviated from his route to stop at another job site. Because the employee was paid during work hours regardless of whether he was actually working at the time, and because he was being transported by his direct employer, the Louisiana Supreme Court agreed with the WCJ that the accident did arise out of and occur in the course of his employment.

In *Dean*, the supreme court discussed several incidents illustrating the exceptions to the rule. Among these are "situations where an employer has involved himself in the transportation of the employee as an incident to the employment agreement, either through furnishing a vehicle or payment of expenses, or where wages are paid for time spent traveling." *Id*. at 117. The present matter certainly meets those conditions. Mayes was paid a generous car allowance. Deep South directed the provider of vehicle repair services. And, although the accident occurred over ten hours after Mayes began his work day, he embarked on his journey to obtain the part necessary for the repair immediately after he left Intracoastal City. This would have been within his normal working hours.

Louisiana courts are well-acquainted with workers' compensation claims involving salesmen whose transportation is provided by their employers. Regarding such claims, we long ago stated:

> The general rule is that an injury suffered by an employee away from his employer's premises while going to or returning from work, does not arise out of and in the course of his employment. This general rule, however, is subject to a number of exceptions. It does not apply, for instance, where the employee is a traveling salesman, or where he is required to travel from place to place in the performance of his duties and to provide his own means of transportation in doing so. In such an instance there is no fixed place of employment and his hours necessarily are irregular. If the employee sustains an injury while traveling under those circumstances, although not on the employer's premises, his injuries will be considered as having been sustained in the course of his employment if he was then engaged about his employer's business, and

5

not merely pursuing his own business or pleasure, and the necessities of his employer's business required him to be at the place of the accident when it occurred. *Boutte v. Mudd Separators, Inc.*, 236 So.2d 906 (La.App. 3 Cir. 1970); *Simmons v. Liberty Mutual Insurance Company*, 185 So.2d 822 (La.App. 3 Cir. 1966); *Kern v. Southport Mill*, 174 La. 432, 141 So. 19 (1932); *Aymonde v. State National Life Insurance Company*, 138 So.2d 460 (La.App. 3 Cir. 1962); *DeMaggio v. United Mills Corpporation*, 252 So.2d 530 (La.App. 4 Cir. 1971); *Babineaux v. Giblin*, 37 So.2d 877 (La.App. 1 Cir. 1948).

*Gautreaux v. Life Ins. Co. of Ga.*, 256 So. 2d 832, 834 (La.App. 3 Cir. 1972). Traveling and having one's vehicle repaired at the employer's direction for that travel are analogous: in both situations, the automobile represents an essential tool of the employee's work and the employer mandated the employee's action. In this case, the employer's business required Mayes to be at Chabill's. Under these circumstances, we find the record reasonably supports the WCJ's findings.

Mayes has requested attorney fees for work performed by his counsel on appeal. Ordinarily, an employee is entitled to additional attorney fees for successfully defending a workers' compensation judgment on appeal. *See Phillips v. Diocese of Lafayette*, 03-1241 (La.App. 3 Cir. 3/24/04), 869 So.2d 313. At trial, Mayes requested attorney fees, which the WCJ declined to award. He initially assigned the refusal to award attorney fees as an error, but later abandoned that appeal. In requesting attorney fees on appeal, Mayes asserts that Deep South's appeal is frivolous. We disagree, and decline to award attorney fees on appeal. The fact that Deep South did not prevail on appeal does not render its appeal frivolous.

**CONCLUSION**

A determination that an accident arises out of and occurred in the course of employment is reviewed for manifest error. The record reveals a reasonable basis for the WCJ's findings. As such, the findings are not subject to reversal. The judgment

6

of the WCJ in favor of Plaintiff/Appellee, Ralph Mayes, is affirmed.  We decline to award attorney fees on appeal to Plaintiff/Appellee.  All costs of this appeal are taxed to Defendant/Appellant, Deep South Chemical, Inc.

**AFFIRMED**.